# MARY MANZANARES
### vs.
# JOSEPH CURRAN

Superior Court      New Haven County      File #48453

Present   Hon. ALFRED C. BALDWIN, Judge.

Louis Weinstein,
David M. Reilly,                    Attorneys for the Plaintiff.

D. L. O'Neill,                      Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 8, 1936.**

BALDWIN, J.   On April 18, 1935, the plaintiff was in-jured as a result of a fall which occurred in defendant's build-ing at the corner of Hazel and Newhall Streets in New Haven.

The ground or first floor of this building fronting on New-hall Street is occupied by Logan Brothers' grocery store.   A tavern, operated by defendant's son, occupies that part of the first floor of the building facing on Hazel Street and at the rear of the store.   On the second floor, being the floor next above the store and the tavern, the defendant and his family live.   The third floor is occupied by a tenant.

The only entrance to the store is on Newhall Street and the only entrance to or exit from the tavern is on Hazel Street.   The building stands close to the sidewalk on each of these streets.

At the rear end of the building and at the rear of that part of the building in which the tavern is located opening from the building to the rear yard are two doors.   The door farthest from Hazel Street, since the tavern has been con-ducted in the building, has been permanently closed.   The other door opens into a rear entry and from this entry a flight of stairs leads to the tenements on the floors above. At the left of this flight of stairs is a door which opens swinging over a landing at the top of a flight of stairs leading

to the cellar which cellar is used by defendant and his upstairs tenant and this door and flight of stairs by them as a means of access to the cellar.

This flight of stairs descends in a section of five steps to a landing and then turns to the right descending in another section parallel to the first section. In the ceiling over the foot of this last section is an electric light bulb, the light in which may be turned on at a switch located in the side wall at the right of the door as one enters at the top of the stairs. The outside door has a glass in the upper part and there sufficient light enters the stairway leading to the cellar to see the front edges or nose of the treads of the stairs and the sidewalls and ceiling, which walls and ceiling are of a natural plaster color, somewhat soiled, without the aid of artificial light.

Plaintiff, with a friend, on the day in question, claimed to be looking for a person she thought lived upstairs in this building. I could not find this to be the object of her entering this building. She entered the outside door referred to, passed the stairway leading up, immediately at her right, and stopped at the door at the head of the cellar stairs which was closed and which had a spring back of it holding it closed, rapped upon this door and receiving no answer opened the door and proceeded forward two or three steps and then fell down the first section of the flight of stairs, receiving injuries.

The negligence complained of was the failure to have the door leading to the stairway locked; that the landing at the head of the stairway was a continuation of the floor of the entry and was small and led without warning to a downward flight of stairs; that the stairs were steep and no banister or other means of support was provided; that the stairway was dark and no notice or warning was given of the dangerous condition.

The condition of this stairway was not in fact a dangerous condition. It was in a reasonably safe condition in all respects, including light, for those having lawful occasion to use it, which this plaintiff did not have. She was where she had no right or occasion to be. But, aside from that element, the negligence, or other cause of her injury, was in herself and not in the defendant.

The foregoing is the basis of my finding. I feel, however,

a duty to comment upon other elements of the case. The day after the accident plaintiff signed a written statement which she testified was a false statement. In this statement she said the cause of her fall was the catching of the heel of her shoe in the torn hem of a green dress that she was wearing which she had neglected to mend and that the fault was her own. The friend, a Mrs. Kelly, accompanying her at the time of her accident, the second day after the accident made a like statement as to the cause of the fall and the color of the dress. This and other things included in the statements they now claim to be untrue and that the untrue statements were made because of plaintiff's social position and because of her activities in certain lodges she did not want her friends to know she was in or near a building in which a tavern was located.

Plaintiff after her accident showed to a witness called by the defense a green dress, the hem of which had been mended and told this witness this green dress was the dress she wore and the mended hem was the place where it was torn and the cause of her fall. A brown dress having no hem was offered in evidence by plaintiff upon the claim that it was the dress worn at the time, and that the story about falling because of the torn hem was not true since this dress had no hem.

There was also other deliberate falsifying by this plaintiff and her friend, Mrs. Kelly, upon the witness stand and their testimony was wholly unworthy of belief.

Judgment may be entered for the defendant.