LOUIS D. ROBINS, Appellant, *v.* EDWARD O. FINESTONE, Respondent.

Argued April 18, 1955; decided June 2, 1955.

*Henry G. Littau, Julius Hallheimer* and *Abraham Heller* for appellant. The complaint alleges a special contract between plaintiff and defendant, his physician, whereby for a specific consideration, paid by plaintiff, said defendant unqualifiedly agreed to " cure " plaintiff in one or two days. Since that result was not attained as alleged, the complaint states a good cause of action for breach of contract which is not barred for six years from the date of breach. (*Colvin* v. *Smith,* 276 App. Div. 9; *Keating* v. *Perkins,* 250 App. Div. 9; *Conklin* v. *Draper,* 229 App. Div. 227, 254 N. Y. 620; *Monahan* v. *Devinny,* 223 App. Div. 547; *Seanor* v. *Browne,* 154 Okla. 222; *Hickey* v. *Slattery,*

103 Conn. 716; *Burns* v. *Barenfield,* 84 Ind. 43; *Frankel* v. *Wolper,* 181 App. Div. 485, 228 N. Y. 582; *Blessington* v. *McCrory Stores Corp.,* 305 N. Y. 140; *McGrath* v. *Helena Rubinstein, Inc.,* 29 F. Supp. 822.)

*Robert C. Heidell* for respondent. The complaint alleges a cause of action the gravamen of which is a tort, malpractice. The gravamen of this action is determinative of the statute of limitations to be applied and this statute cannot be obviated by pleading allegations purporting a contract. (*Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *Webber* v. *Herkimer & Mohawk St. R. R. Co.,* 109 N. Y. 311; *Loehr* v. *East Side Omnibus Corp.,* 259 App. Div. 200, 287 N. Y. 670; *Hermes* v. *Westchester Racing Assn.,* 213 App. Div. 147; *Schlick* v. *New York Dugan Bros.,* 175 Misc. 182; *Blessington* v. *McCrory Stores Corp.,* 305 N. Y. 140; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Pike* v. *Honsinger,* 155 N. Y. 201; *Gerber* v. *Thron,* 262 App. Div. 839; *Frankel* v. *Wolper,* 181 App. Div. 485.)

CONWAY, Ch. J. The question presented is whether the complaint states a cause of action in contract. If it does, the action is not barred by the Statute of Limitations. If it states a cause of action in tort for malpractice, it is barred by the two-year Statute of Limitations. (Civ. Prac. Act, § 50, subd. 1.) On that ground defendant has moved to dismiss the complaint and we accept plaintiff's allegations as true. Those allegations are in substance as follows: Plaintiff employed defendant, a licensed physician and surgeon, for a compensation not to exceed $150 — to operate upon him for the purpose of removing a growth by fulguration — a procedure which would not involve entry through the abdominal wall by incision. He duly performed all the terms and conditions of the contract. Defendant agreed, as his part of the contract, to perform the operation in a good and workmanlike manner and promised to cure the plaintiff by removing the growth by the method indicated and, as part of the contract, promised that plaintiff would be cured in one or two days, could leave the hospital in that time and could immediately resume his occupation. Instead, in breach of the contract, defendant attempted in an unworkmanlike, unprofessional and unskilled manner to perform the operation by fulguration but as a result of his unskillfulness and his unwork-

manlike procedure he twice punctured one of plaintiff's organs and thus necessitated a major operation including the opening of the abdominal wall by incision. As a result plaintiff was hospitalized for approximately a month for postoperative treatment and the cure of the infirmity from which he suffered as well as of the punctures inflicted. By reason of the breach of contract by defendant, the plaintiff was compelled to pay large sums of money for medical and surgical treatment, for medicine and X rays, for journeys to health resorts while convalescing and was prevented from engaging in gainful employment for a considerable period of time to his damage in a large sum of money.

When the complaint is read in its entirety, the conclusion is inescapable that a cause of action for breach of contract is stated. While it may be unusual for a physician to enter into a special contract to cure rather than to undertake only to render his best judgment and skill, since the practice of medicine is not an exact science, it cannot be doubted that there are occasions when such contracts are made (see *Colvin* v. *Smith*, 276 App. Div. 9, 10; *Safian* v. *Ætna Life Ins. Co.*, 260 App. Div. 765, affd. 286 N. Y. 649). As was recently indicated, a doctor and his patient are at liberty to contract for a particular result and, if that result be not attained, a cause of action for breach of contract results which is entirely separate from one for malpractice although both may arise from the same transaction. (*Colvin* v. *Smith*, 276 App. Div. 9, 10, *supra*, and cases therein cited.) There it was said: " The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act. In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof " (*Colvin* v. *Smith, supra,* pp. 9–10; see, also, *Safian* v. *Ætna Life Ins. Co.*, 260 App. Div. 765, affd. 286 N. Y. 649, *supra*, where it was pointed out at page 768 that it " should be obvious that insurance coverage for claims

arising out of ' malpractice, error or mistake,' is clearly legally distinguishable from coverage for breach of contract. The legal duty, the breach of which is covered, is wholly different. If a doctor makes a contract to effect a cure and fails to do so, he is liable for breach of contract even though he use the highest possible professional skill.'')

The gist of the action here is defendant's failure to perform his promise to cure plaintiff within a specified time by a specified method. Nowhere in the complaint is there any statement that the plaintiff seeks to recover for his pain and suffering, which would be a relevant and material allegation if it were an action in malpractice. The damages sought are those suited to an action on contract, and help to characterize the complaint as one based upon a contract and not one based upon malpractice and negligence. The fact that the plaintiff alleges that the defendant performed his part of the contract in an '' unworkmanlike '' and '' unskillful '' manner does not serve to label the complaint as one stating a cause in malpractice only, since it is frequent in breach of contract actions involving the rendition of services for a plaintiff to allege that the services were unworkmanlike and unskillful. The allegation that plaintiff was '' physically disfigured and also prevented from following his occupation completely for a long time thereafter '' may be, as defendant contends, an allegation which is peculiar to a tort action rather than a contract action, but, by itself, that allegation cannot overcome the effect of the various allegations which, taken together, state a cause of action for breach of a special contract to cure.

The determination dismissing the complaint is a final determination (see Cohen and Karger, Powers of the New York Court of Appeals, p. 160, n. 16). In view of that and the fact that a judgment was entered upon the order of the Appellate Division, the certified questions need not be answered (see *Weintraub* v. *Weintraub*, 302 N. Y. 104, 110; Cohen and Karger, Powers of the New York Court of Appeals, pp. 358–362).

The judgment of the Appellate Division and the order of Special Term should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein. The questions certified are not answered.

Desmond, Dye, Froessel and Burke, JJ., concur with Conway, Ch. J.; Fuld and Van Voorhis, JJ., dissent and vote to affirm the determination made by the courts below upon the ground that the gravamen of the complaint is in malpractice, a cause of action concededly barred by the Statute of Limitations.

Judgment accordingly.