██    ROBERT LIEBLER, JR., an Infant, by ROBERT LIEBLER et al., as His Parents and Natural Guardians, et al., Appellants, v. OUR LADY OF VICTORY HOSPITAL et al., Respondents.— Order unanimously modified by reinstating the third and fifth causes of action, and defendants' motion denied to that extent, and as modified affirmed, without costs. Memorandum: Plaintiffs-appellants Robert and Helen Liebler individually and as parents of their infant son Robert, Jr. appeal from Special Term's order which granted defendants-respondents', hospital and doctors, motion to dismiss the second, third, fourth, fifth and sixth causes of action of plaintiffs' complaint. The only surviving cause is the first in which the infant seeks recovery from all the defendants for personal injuries which resulted from alleged " negligent, careless and committed acts of malpractice ". All of the causes of action arise out of the same transaction involving the delivery of Mrs. Liebler, mother of the infant plaintiff. The defendants are the hospital where the delivery took place, two obstetricians (Fote and Kozera), who attended the mother prior to the infant's birth, and defendant Doctor Cotter, who delivered the infant. The allegations of the complaint, which must be accepted as true for the purposes of this review, assert that the mother had contracted with Doctors Fote and Kozera to provide the necessary medical care when the infant was born, or in the event neither was available at the time, to " provide suitable medical care by another qualified person when needed ". The complaint further alleged that the mother had entered into a contract for medical services with the defendant hospital. The second, fourth and sixth causes of action which sound in contract were properly dismissed because there is no allegation that the defendants undertook a special contractual obligation other than that they would provide adequate medical services for the care and delivery of the infant. A cause of action in contract, as distinguished from one in malpractice, must be based upon the breach of a particular or special agreement (*Robins* v. *Finestone,* 308 N. Y. 543; *Colvin* v. *Smith,* 276 App. Div. 9; *Keating* v. *Perkins,* 250 App. Div. 9). An allegation of failure to provide medical care or failure to provide medical service in a proper manner is insufficient, for it is merely an attempt to plead as a contract action one which is essentially a malpractice action. Any damage which is recoverable in the second, fourth and sixth causes of action is recoverable in a malpractice action (*Calhoun* v. *Gale,* 29 A D 2d 766, affd. 23 N Y 2d 756). The order appealed from permits plaintiffs to serve an amended complaint, if appropriate, to allege a special contract. The third cause of action, based upon the pain and suffering of the mother as a result of the malpractice of the defendants and also including pain, suffering and expense as a result of the birth of the injured child, should

not have been dismissed. (Cf. *Endresz* v. *Friedberg*, 24 N Y 2d 478; see, also, *Ferrara* v. *Galluchio*, 5 N Y 2d 16.) This cause of action also includes a claim by the mother for future loss of services by reason of her son's injury. A mother may assert a derivative cause of action and recover for loss of future services and medical expenses even though the father is living, if she can show the extent of the loss of services and medical expenses paid by her (*Shields* v. *City of Watervliet*, 41 A D 2d 170, 171; *Winnick* v. *Kupperman Constr.*, 29 A D 2d 261). The father may not recover for the same expenses and loss of services, but he may nevertheless allege a claim, as he has done in the fifth cause of action. Details as to the amount of damages can be determined through pretrial discovery or at the trial. Accordingly, the fifth cause of action should not have been dismissed, for the father has a cause of action for loss of services and consortium as to his wife and for medical expenses of his son, in addition to future loss of services of the son. There may not, of course, be duplication of recovery by the parents for the same expenses and loss of future services of the son. (Appeal from order of Erie Special Term, dismissing certain causes of action.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Simons, JJ.