■ GLADYS MONROE, Respondent, v LONG ISLAND COLLEGE HOSPITAL, Appellant. — Appeal by defendant from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated October 15, 1980, as denied its cross motion to dismiss, for legal insufficiency, the second cause of action asserted in plaintiff's complaint. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, cross motion granted, and plaintiff's second cause of action is dismissed. Plaintiff entered the defendant hospital for the performance of a test and was injured when she had an allergic reaction to dye which was injected into her bloodstream. Her first cause of action alleges negligence in the performance of the test. The second cause of action incorporates by reference all the allegations of the first, concludes that by reason thereof "there was a contractual relationship existing between plaintiff and defendant" and asserts that defendant breached its contractual promise by failing to "render adequate and proper care and services conforming to the accepted custom and practice". The second cause of action is legally insufficient because it is merely a redundant pleading of plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action. The law is clear that a breach of contract claim arising out of the rendition of medical services by a physician will withstand a test to its legal sufficiency only where it is based upon an express special promise to effect a cure or to accomplish some definite result *(Carr v Lipshie,* 8 AD2d 330, 332; *Liebler v Our Lady of Victory Hosp.,* 43 AD2d 898; *Sala v Tomlinson,* 73 AD2d 724, 725; *Verra v Koluksuz,* 74 AD2d 932; *Donah v Champlain Val. Physicians Hosp. Med. Center,* 74 AD2d 968; cf. *Robins v Finestone,* 308 NY 543, 546-547; *Colvin v Smith,* 276 App Div 9; *Hirsch v*

*Safian,* 257 App Div 212). No special promise was alleged in plaintiff's complaint and plaintiff has failed to adduce proof that such a special promise was ever, in fact, made to her. Damiani, J. P., Gulotta, Margett and Bracken, JJ., concur.