■ LOUISE MIDDLETON et al., Respondents, v COMMUNITY BLOOD COUNCIL et al., Appellants, et al., Defendant. — In an action to recover damages for personal injuries, etc., the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated June 19, 1981, which was in favor of the plaintiffs and against the appellants, upon a jury verdict. Judgment reversed, on the law, without costs or disbursements, and new trial granted with respect to the issue of damages only, unless within 20 days after service upon the plaintiffs Louise and James Middleton of a copy of the order to be made hereon, with notice of entry, they shall serve and file in the office of the clerk of the Supreme Court, Kings County, written stipulations consenting to reduce the verdicts in their favor to $300,000 and $25,000 respectively, in which event, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The verdict was excessive to the extent indicated. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ HERMAN P. MITCHELL et al., Appellants, v ANTHONY SPATARO et al., Respondents, et al., Defendant. — In an action to recover damages for personal injuries, etc., based on theories of medical malpractice and breach of contract, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated August 5, 1981, as granted the cross motion of defendants Spataro and the Long Island Orthopaedic Group, P. C., to dismiss the second cause of action (which alleged a breach of contract) as to them. Order affirmed insofar as appealed from, with $50 costs and disbursements. "The second cause of action is legally insufficient because it is merely a redundant pleading of [the injured] plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action." (See *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576.) It is well settled that a breach of contract claim in relation to the rendition of medical services by a physician will withstand a test of its legal sufficiency only when based upon an express special promise to effect a cure or to accomplish some definite result. (*Monroe v Long Is. Coll. Hosp., supra; Liebler v Our Lady of Victory Hosp.,* 43 AD2d 898; *Carr v Lipshie,* 8 AD2d 330, affd 9 NY2d 983; *Robins v Finestone,* 308 NY 543.) Since plaintiffs have failed to adduce proof of such an express special promise and since the damages sought are essentially for pain and suffering and other noneconomic loss, the contract claim was properly dismissed. Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.