■ NORMAN SILBERSTEIN, Respondent, v COUNTY OF WESTCHESTER, Appellant. — In an action to recover damages for the alleged unauthorized disclosure of confidential information received pursuant to the physician-patient relationship existing between plaintiff and a mental health center maintained by defendant, the appeal is from an order of the Supreme Court, Westchester County (Ferraro, J.), entered July 6, 1982, which denied defendant's motion to dismiss the complaint for failure to comply with sections 50-e and 50-i of the General Municipal Law. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. The plaintiff's complaint alleges that personnel of defendant's mental health center improperly advised an Assistant United States Attorney that plaintiff was a "critically dangerous person". As a result of that conversation, plaintiff alleged that a Judge of the United States District Court for the Southern District of New York raised his bail from $2,000, which had already been posted, to $5,000, that he was remanded for eight days to the Manhattan Correctional Center for a psychiatric examination, and that he was incarcerated in Pennsylvania for further psychological and psychiatric evaluation for 18 days. Plaintiff argues that the breach of confidentiality alleged constitutes the breach of an implied contract. Defendant urges that the alleged improper disclosure of confidential information received in the course of a physician-patient relationship is merely another facet of medical malpractice concepts and that the action sounds in tort, not contract. We agree with defendant. In essence, plaintiff charges that the conduct of defendant's servants failed to conform to the standards reasonably expected of all psychiatrists. While the confidentiality of communications made by a patient to his psychiatrist in the course of treatment should be maintained absent some justification for disclosure, plaintiff points to no express special promise not to disclose. Consequently, plaintiff's claim sounds in tort rather than contract (see *Mitchell v Spataro,* 89 AD2d 599; *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576; *Robins v Finestone,* 308 NY 543). Furthermore, the bill of particulars in reality evidences a malpractice claim, and the damages sought are largely for noneconomic loss (see *Mitchell v Spataro, supra*). Since plaintiff's action sounds in tort and plaintiff failed to comply with sections 50-e and 50-i of the General Municipal Law, his complaint should have been dismissed. Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.