OPINION of the court
Arthur D. Spatt, J.
At issue here is the measure of damages for a breach of an alleged “special agreement” by a plastic surgeon. The damages are to be measured by the “contract” rule rather than those accruing in a medical malpractice action.
This motion by defendant for an order, pursuant to CPLR 3211 (subd [a], pars 5, 7), dismissing the amended complaint, is determined as set forth below.
In a prior decision dated May 19, 1983, this court held that in the original complaint plaintiff had pleaded a cause of action in contract rather than in medical malpractice in that she alleged a “special agreement” by the defendant plastic surgeon “to employ a different method than plastic surgeons use” and that “the incisions would not go beyond the corner of her eyes and that the resultant scars, if any, would fall within the natural crease of the skin”.
In directing that plaintiff serve an amended complaint properly pleading the “contract damages”, the court stated as follows: “Therefore, if the measure of damages available in a contract action were properly pleaded, the complaint *343 herein would set forth a cause of action based on a special agreement or promises which would survive the defense of the statute of limitations. Accordingly, the defendant’s motion to dismiss based on the statute of limitations is granted only to the extent that the complaint is dismissed with leave to the plaintiff to serve an amended complaint alleging ‘contract’ damages restricted to payments made and expenditures for medical services rendered ‘and other damages that flow from the breach’ ”.
Plaintiff has served her amended complaint, and defendant now moves to dismiss upon the ground that the allegations in the complaint go beyond “contract” damages. In particular, defendant contends that the language set forth in paragraphs 14 and 15 of the complaint is improper in that plaintiff alleges the following:
“14. That by reason of the defendant’s breach of contract and warranty to perform the cosmetic surgery properly and in accordance with his representations to the plaintiff, the plaintiff suffered consequential injuries and damages to her person, including but not limited to severe emotional distress, permanent scarring of her face, as well as the cost of the treatment rendered by the defendant upon the plaintiff, and any additional treatment as may be necessary in the future.
“15. As the direct consequence and proximate cause of the defendant’s breach of said warranty and as damages flowing from the breach, the plaintiff has been damaged to her person and property in the sum of One Million ($1,000,000.00) Dollars.” (Emphasis supplied.)
On the other hand, plaintiff contends that she did not allege “pain and suffering” per se; that the reference to the permanent scarring is consistent with the breach of contract theory; that the scarred condition of her face is a damage flowing from the breach of contract; and that severe emotional distress is likewise a foreseeable consequence.
The rule involving damages for breach of contract in a physician’s case is easily stated but difficult to implement. As set forth in the leading case of Robins v Finestone (308 NY 543, 546), and other cases, the rule is as follows: “ ‘In the contract action they [damages] are restricted to the *344 payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof” (emphasis supplied).
In Robins v Finestone (supra), the damage element of pain and suffering was specifically excluded from this type of contract action (308 NY, at p 547).
The genesis of the modern rule[1] is to be found in Colvin v Smith (276 App Div 9), referred to in Robins by Chief Judge Conway. Two recent cases in the Appellate Division, Second Department, have reiterated the rule as set forth in Robins. In Mitchell v Spataro (89 AD2d 599), the court implied that damages in a contract action would not include pain and suffering or “other noneconomic loss”. (See, also, Silberstein v County of Westchester, 92 AD2d 867.)
It is therefore the rule that in a contract action of this kind, the plaintiff cannot recover for permanent scarring or emotional distress unless this item of damage is related to economic loss. For example, if, as a result of defendant’s breach of contract, the plaintiff sustained scarring which deprived her of employment or real estate brokerage commissions, then such a damage would “flow from the breach”.
Turning to the complaint in this case, the plaintiff may allege as damages the following:
1. The cost of treatment rendered by the defendant and the cost of any additional treatment related to the breach of contract which may be necessary in the future.
2. Consequential damages including emotional distress and permanent scarring of her face, only to the extent that such conditions have resulted in economic loss to the plaintiff.[2]
3. The amount sued for should approximate the amount of actual economic loss damage as set forth in items 1 and 2. The court cannot say that $1,000,000 is improper if the plaintiff contends that the economic loss based on the *345 permissible measure of damage is in that approximate amount.
Accordingly, defendant’s motion to dismiss is granted only to the extent of directing plaintiff to serve an amended complaint in conformity to the terms of this order within 20 days after service of a copy of this order on plaintiff’s counsel.

. In Frank v Maliniak (232 App Div 278) the court seemed to indicate that in a breach of contract case, the jury could consider pain and disfigurement. That rule has been modified in subsequent appellate cases.

. The specific nature of the economic loss need not be set forth in the complaint, but must be detailed in the bill of particulars if a request is made for such information.