◼ SYLVIA SEMEL, Individually and as Administratrix of the Estate of MICHAEL SEMEL, Deceased, Respondent, v ALFRED T. CULLIFORD, Appellant, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered November 18, 1985 in Sullivan County, which denied defendant Alfred T. Culliford's motion for summary judgment dismissing the complaint against him.

Suit has been brought against defendant Alfred T. Culliford,

a physician (hereinafter defendant), to recover damages for "pain, suffering and inconvenience" allegedly suffered because he neglected to remove a chest suture from the now deceased plaintiff, Michael Semel (hereinafter decedent). In the course of open-heart surgery had in 1975, seven wire sutures had been implanted in decedent; two years later, one of the wires popped open and protruded from the skin, causing intense pain in the chest area. To remedy this condition, decedent eventually sought the services of defendant, who removed six of the seven sternal wires in June 1979. Despite this operation, decedent's chest pain continued unabated; he attributes this to defendant's failure to accomplish what he specifically undertook and agreed to do, take out all of the wire sutures. The instant complaint brought by decedent and his spouse can be read to assert two theories of recovery, medical malpractice and breach of contract.

In his summary judgment motion, defendant acknowledges not removing all of the sternal wires, but in a supporting affidavit avers that his failure to do so conformed with sound medical practice in that the undisturbed suture "was not superficial as the others were" and "there was a significantly greater risk in removing that wire compared to the other wires". Instead of responding with an affidavit containing medical evidence demonstrating that malpractice occurred, plaintiffs countered with only an attorney's affirmation.

There being more than bare conclusory assertions by defendant to justify his conduct and no proof of medical malpractice in the opposing papers, summary judgment dismissing the malpractice cause of action against defendant should have been granted (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639).

As drafted, the contract cause of action is also insufficient to withstand defendant's summary judgment motion. Although this cause of action is premised on the established principle that such a claim exists when a physician expressly agrees to effect a cure or achieve some definite result (see, Monroe v Long Is. Coll. Hosp., 84 AD2d 576 [and cases cited therein]), the record presents an issue of fact concerning the extent of the surgery defendant actually contracted to perform. A triable issue of this character would preclude summary judgment were it not that the only damage said to have been sustained, both in the complaint and bill of particulars, is pain and suffering—items of injury not obtainable in a contract action. Damages recoverable upon a contract, based on a physician's nonperformance of a special agreement, are restricted to the

payments made to a defendant and to expenditures for nurses and damages naturally flowing from the breach of the parties' contract *(Robins v Finestone,* 308 NY 543, 546-547; *Colvin v Smith,* 276 App Div 9; *see generally,* 1962 Report of NY Law Rev Commn, at 245, 249). "[A] physician cannot be held responsible for suffering from a cause which he agrees to end but does not, unless he is guilty of malpractice" *(Frankel v Wolper,* 181 App Div 485, 487, *affd* 228 NY 582), not breach of contract.

Order reversed, on the law, without costs, and complaint dismissed against defendant Alfred T. Culliford. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.