■ ELAINE W. et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v JOINT DISEASES NORTH GENERAL HOSPITAL, INC., Appellant, et al., Defendants. —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 11, 1991, which, *inter alia,* denied the cross-motion of defendant, Joint Diseases North General Hospital, Inc. (North General), for summary judgment and dismissing the complaint, is unanimously reversed, to the extent appealed from, and as limited by the parties' appellate briefs, on the law and on the facts, the cross-motion of defendant North General is granted, and the complaint is dismissed as to North General, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing the complaint as to it.

Joint Diseases North General Hospital is a 190 bed voluntary non-profit hospital, located at 1919 Madison Avenue, New York County. Although 50 of North General's beds are de-

voted to an in-patient substance abuse program, pregnant women and patients who exhibit a serious psychotic illness are not admitted, since this hospital is unable to provide appropriate medical care to such patients, having neither an obstetrics department nor an in-patient psychiatric service.

Pursuant to the provisions of the New York State Human Rights Law (Executive Law § 296), in 1989, the plaintiffs, who were pregnant substance abusers, commenced the instant action against North General (defendant), as well as others, alleging that, *inter alia,* defendant discriminated, by excluding them from its in-patient substance abuse program.

Following the joinder of issue, plaintiffs moved to strike defendant's affirmative defenses, and defendant cross-moved for summary judgment. By order, entered June 11, 1991, the IAS Court denied both the motion and cross-motion.

Defendant appeals.

Our examination of the record indicates that defendant has submitted evidence, in the form of an affidavit from Dr. Stanley Reichman, indicating that defendant's policy of excluding pregnant substance abusers is based upon sound medical judgment.

Dr. Reichman, who has been Director of Medicine at defendant hospital since 1984, states, in pertinent part:

"The second category of patients who are not admitted to the in-patient detoxification program are pregnant women * * *

"North General Hospital does not have an Obstetrical Department. In fact, we do not have a single obstetrician on staff. At this juncture it is important to stress that, because of the unavailability of obstetical services, it is hospital policy that *no* pregnant patients are to be admitted to *any* service of the hospital, absent an emergency. Pregnant substance abusers are not singled out for separate treatment.

"Concentrating on the in-patient detox unit, it was, and continues to be, the collective medical opinion of the physicians involved in developing the policy and monitoring the medical status of the patients in such program, that pregnant substance abusers cannot, as a result of the limitations in our facilities, be offered the treatment medically required by such patients. Significantly, we are, among other things, unable to: properly evaluate a patient's obstetrical status, monitor the status of the pregnancy and fetus, or provide sufficiently expert emergency treatment in an obstetrical crisis. In the

case of pregnant drug abusers, the high risk nature of their pregnancies compounds this basic problem" (emphasis in text).

Further, Dr. Reichman states: "North General Hospital has been issued an Operating Certificate by the State of New York, Department of Health, Office of Health Systems Management. Notably, the hospital has *not* been authorized to provide obstetrical services and is thus precluded from offering such" (emphasis in text).

It is obvious that North General's medical decision is not facially discriminatory. There is further evidence that this medical policy is applied irrespective of gender since psychotic patients are not admitted to this drug abuse program for the same medical reason; in that North General does not have a psychiatric section, and therefore is not capable of rendering required treatment to such patients.

Based upon our review of the evidence, we find that defendant's determination to exclude pregnant substance abusers is not gender-based discrimination, but is a medical determination based on appropriate treatment for its patients. Therefore, we further find that the IAS Court erred in denying defendant's cross-motion for summary judgment *(Ioele v Alden Press,* 145 AD2d 29, 36-37 [1st Dept 1989]).

Accordingly, we reverse, dismiss the complaint as to defendant North General and grant the cross-motion. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.