■ DENISE J. NICOLEAU et al., Appellants, v BROOKHAVEN MEMORIAL HOSPITAL CENTER et al., Respondents. [607 NYS2d 703] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated February 16, 1993, as granted those branches of the defendants' separate motions and cross motions which were to dismiss (1) the first cause of action against the defendant Kitti Loychusuk alleging breach of contract, (2) the second cause of action against the defendant Brookhaven Memorial Hospital Center alleging breach of contract, (3) the fifth, sixth, sixteenth, and seventeenth causes of action alleging intentional infliction of emotional distress, (4) the seventh through eleventh and the eighteenth through twenty-second causes of action alleging State human and civil rights violations, and (5) the twelfth through fourteenth and the twenty-third through twenty-fifth causes of action alleging Federal civil rights violations.

Ordered that the order is modified, on the law, by deleting

the provision thereof granting that branch of the motion of the defendant Kitti Loychusuk pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that a breach of contract claim in relation to the rendition of medical services by a physician will withstand a test of its legal sufficiency only when based upon an express special promise to effect a cure or to accomplish some definite result *(Robins v Finestone,* 308 NY 543; *McCarthy v Berlin,* 178 AD2d 584; *Mitchell v Spataro,* 89 AD2d 599). Under the circumstances of this case, we find that a cause of action is stated based on the plaintiffs' allegation that the patient entered into an oral agreement with her attending physician pursuant to which she agreed to retain his services in exchange for his specific promise to deliver her baby without the administration of blood, which treatment was contrary to her religious beliefs, and that the breach occurred when he administered blood transfusions to her after she gave birth to her child by Cesarian section.

However, contrary to the allegations relating to the physician, no such agreement, either express or implied, could be found as to the hospital.

Based upon our review of the evidence, we find that defendant hospital's determination to administer blood transfusions to the patient was not a form of discrimination based upon the patient's creed, but a medical determination based on appropriate treatment for its patient *(see, Elaine W. v Joint Diseases N. Gen. Hosp.,* 180 AD2d 525).

The plaintiffs' claim that the defendants violated their Federal civil rights pursuant to 42 USC §§ 1983, 1985 (3), and § 1986 have been considered and rejected by this Court *(see, Nicoleau v Brookhaven Mem. Hosp. Ctr.,* 181 AD2d 815).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.