[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs filed a third revised complaint in twelve counts, alleging that the defendants breached a contract and were negligent in the prenatal care and delivery of the plaintiff Sandra Hart's baby, Wallace J. Hart, Jr., who suffered cerebral palsy as a result.
The complaint alleges that the defendants Joseph A. Walsh and Bennett Barton were licensed physicians practicing the specialty of obstetrics and gynecology for Kaiser Foundation Health Plan of Connecticut, Inc., d/b/a Kaiser Permanente, Northeast Permanente Medical Group, P.C. ("Kaiser defendants"). It further alleges that defendants Deborah Stephanie Hoffman and Sybil Ann Williams were "practicing the specialty of obstetrics and gynecology individually and/or [were] the agent[s], servant[s] and employee[s] of Kaiser Foundation Health Plan of Connecticut, Inc., d/b/a Kaiser Permanente, Northeast Permanente Medical Group, P.C." or the agents, servants or employees of Hartford Hospital ("Hartford Hospital defendants").
The allegations of the complaint claim, in substance, that the defendants owed a duty to the plaintiffs to properly treat and to perform in a competent manner medical, obstetrical, gynecological and surgical services, tests and procedures and that the defendants individually and together in various ways were negligent and breached the duty owed to the plaintiffs. Moreover, it is further claimed that the plaintiffs Sandra Hart and/or Wallace J. Hart, Sr. CT Page 5312 entered into agreements with both the Kaiser defendants and the Hartford Hospital defendants and their agents, servants and employees individually and together on behalf of Sandra Hart and on behalf of her present and future family. It is claimed that the defendants breached their contracts with the plaintiffs because the defendants failed to perform in accordance with their promises, assurances and/or guarantees made to the plaintiffs. Furthermore, it is claimed that the plaintiff Sandra Hart, as a result of witnessing the defendants' negligence and the resulting injuries to her child, has and will continue to suffer from emotional distress.
The following is a summary of the twelve counts of the complaint:
 Count One: Plaintiff Wallace J. Hart, Jr. alleges negligence against the Kaiser defendants and defendants Hoffman and Williams.
 Count Two: Wallace J. Hart, Jr. alleges breach of contract against the Kaiser defendants and defendants Hoffman and Williams.
 Count Three: Wallace J. Hart, Jr. alleges negligence against the Hartford Hospital defendants and defendants Walsh and Barton.
 Count Four: Wallace J. Hart, Jr. alleges breach of contract against the Hartford Hospital defendants and defendants Walsh and Barton.
 Count Five: Sandra Hart alleges emotional distress resulting from negligence against the Kaiser defendants and defendants Hoffman and Williams.
 Count Six: Sandra Hart alleges emotional distress resulting from breach of contract against the Kaiser defendants and defendants Hoffman and Williams.
 Count Seven: Sandra Hart alleges emotional distress resulting from negligence against the Hartford Hospital defendants and defendants Walsh and Barton.
 Count Eight: Sandra Hart alleges emotional distress resulting from breach of contract against the Hartford Hospital defendants and defendants Walsh and Barton. CT Page 5313
 Count Nine: Wallace J. Hart, Sr. alleges negligence against the Kaiser defendants and defendants Hoffman and Williams.
 Count Ten: Wallace J. Hart, Sr. alleges breach of contract against the Kaiser defendants and defendants Hoffman and Williams.
 Count Eleven: Wallace J. Hart, Sr. alleges negligence against the Hartford Hospital defendants and defendants Walsh and Barton.
 Count Twelve: Wallace J. Hart.[,] Sr. alleges breach against the Kaiser defendants and defendants Walsh and Barton.
The Kaiser defendants moved to strike counts two, five and ten on the grounds of legal insufficiency and counts four, seven, eight, eleven and twelve on the grounds that these counts were duplicative of counts one, two, five, six, nine and ten. The Hartford Hospital defendants moved to strike counts two, four, five, six, seven, eight, ten and twelve on the grounds of legal insufficiency and counts one, two, five, six, nine and ten on the grounds that these counts were duplicative of counts three, four, seven, eight, eleven and twelve.
The defendants' motions to strike raise the following issues:
 1. Whether a motion to strike is the proper procedure to challenge pleadings as duplicative.
 2. Whether a child who was unborn at the time of an alleged agreement may recover as a third party beneficiary.
 3. Whether a claim arising out of medical services provided by a physician will withstand an attack upon its legal sufficiency where the plaintiffs' pleading is redundant of its malpractice claim, but replaces the negligence allegation with a breach of contract allegation.
 4. Whether a mother fails to state a legally sufficient claim when she seeks to recover in CT Page 5314 negligence for emotional distress in a medical malpractice action for injuries her child received while in utero and at birth.
The purpose of a motion to strike is to test the legal sufficiency of a complaint, or of any count therein, to state a claim upon which relief can be granted. Practice Book § 152(1). Also, see Ferryman v. Groton, 212 Conn. 138, 142 (1989). All facts well-pleaded in a contested pleading are deemed admitted and must be construed in a light most favorable to the nonmoving party.Rowe v. Godou, 209 Conn. 273, 278 (1988). In considering a motion to strike, "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton,supra. In ruling on a motion to strike, a court may not look outside the pleadings for facts not alleged. Rowe v. Godou, supra.
The gravamen of the defendants' arguments in moving to strike the counts claimed to be duplicative is that those counts merely incorporate and allege the same claims of negligence and breach of contract against defendants Walsh, Barton, Hoffman and Williams in multiple counts for the same negligent acts and breach of contract. The defendants argue that since the plaintiffs may only recover once on their different negligence and contract theories, the duplicative counts of the complaint must be stricken.
"Whenever any party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." (Emphasis added.) Practice Book, § 147(2). Accordingly, the proper method for seeking to delete duplicative allegations from an adversary's pleading is to move to revise such pleading rather than by a motion to strike. Delvecchio v. Mobil Oil Corporation, 1 CSCR 635, 636
(August 12, 1986, Jacobson, J.).
The defendants' motions to strike on the grounds of duplicative counts are improper grounds for a motion to strike and, accordingly, the motions are denied insofar as the claimed basis is "duplicative counts."
Both the Kaiser and Hartford defendants argue that the second CT Page 5315 and fourth counts are legally insufficient because there is no allegation of the existence of a contract between Wallace J. Hart, Jr. and the defendants. The defendants insist that, as an unborn person, Wallace J. Hart, Jr. could not possibly have manifested assent to a contract and that, as an infant, he lacked the capacity to contract. The plaintiffs argue that he is entitled to recover as a third party beneficiary.
The second and fourth counts allege that plaintiffs Sandra Hart and/or Wallace J. Hart, Sr. entered into agreements with both the Kaiser defendants and the Hartford Hospital defendants, their agents, servants and employees, individually and together, on behalf of Sandra Hart and on behalf of her present and future family; that the defendants agreed to properly treat and perform in a competent manner medical, obstetrical, gynecological and surgical services, tests and procedures.
The complaint alleges a breach of the contracts by the defendants in that the defendants failed to perform in accordance with their promises, assurances and/or guarantees made to the plaintiffs. "The ultimate test to be applied in determining whether a person has a right of action as third party beneficiary is whether the intent of the promisor should assume a direct obligation to the third party beneficiary. . . ." Knapp v. New HavenRoad Construction Co., 150 Conn. 321, 325 (1963).
Third parties "seeking to enforce contractual rights must allege that the contracting parties intended that the promisor should assume a direct relationship to the third party." Espositov. Community Mental Health Affiliates, 2 CSCR 609 (April 28, 1987, Noren, J.), citing Stowe v. Smith, 184 Conn. 194, 196 (1981). The factual allegations of counts two and four lay a sufficient predicate for the claims of Wallace J. Hart, Jr. as a third party beneficiary.
The Kaiser and Hartford Hospital defendants argue that counts six, eight, ten and twelve are legally insufficient because there are no allegations of the existence of a contract between Sandra Hart or Wallace J. Hart, Sr. and the defendants. The crux of this argument is that the plaintiffs have failed to allege the existence of a specific agreement between the parties which creates an obligation beyond the general duty of a health care provider to act reasonably. Thus, the defendants claim, the plaintiffs have simply incorporated into their breach of contract counts the same allegations of improper conduct that they rely upon to support CT Page 5316 their negligence counts.
The plaintiffs contend that they have sufficiently alleged the existence of a specific agreement between themselves and the defendants. They argue that paragraphs eleven through thirteen of the second, fourth, fifth (hereinafter sixth),[1] eighth, tenth and twelfth counts allege a specific agreement beyond the general duty of a health care provider owed to a patient. It is plaintiffs' position that malpractice is a hybrid claim and can be based in negligence and in breach of contract.
As in the third party beneficiary counts, the plaintiffs allege in counts two, four, six, eight, ten and twelve that Sandra Hart and/or Wallace J. Hart, Sr. entered into agreements with both the Kaiser defendants and the Hartford Hospital defendants on behalf of Sandra Hart and on behalf of her present and future family. The claim is that the defendants breached their contracts with the plaintiffs by failing to perform in accordance with defendants' promise to treat properly and perform in a competent manner medical, obstetrical, gynecological and surgical services, tests and procedures.
Although many cases appear to support the defendants' proposition that "a breach of contract claim arising out of the rendition of medical services by a physician will withstand a test to its legal sufficiency only where it is based upon an express special promise to effect a cure or to accomplish some definitive result," Lapis, Admix. v. Herman, Superior Court, Judicial District of New Haven at New Haven, Docket No. 267674 (April 18, 1989), citing Monroe v. Long Island College Hospital, 84 App.Div.2d 576,443 N.Y.S.2d 433, 434 (2nd Dept. 1981); Mitchell v. Spataro,89 App.Div. 599, 452 N.Y.S.2d 646, 647 (1982); Brobrick v. Bravstein,116 App.Div. 682, 683, 497 N.Y.S.2d 749, 751 (2nd Dept. 1986); Lakemanv. LaFrance, 102 N.H. 297, 305, 156 A.2d 123, 127 (1959); Sciaccav. Polizzi, 403 So.2d 728, 730 (L.A. 1981); a claim arising out of medical services provided by a physician will withstand a test to its legal sufficiency where the plaintiffs' breach of contract count is redundant of its malpractice count. Even where, as here, the gravamen of a party's action is in malpractice and not in breach of contract, counts which sound in contract are "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." Broadtv. Boiseneau, 3 CSCR 271 (August 31, 1988, Jackaway, J.), quotingCamposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137 (1963). CT Page 5317
A breach of contract count should not be stricken where it simply incorporates negligence allegations of a preceding count,Paggioli v. Manchester Memorial Hospital, 1 Conn. L. Rptr. 729
(June 8, 1990, Allen, S., J.), because a contract action and a tort action may arise from the same wrong. Hickey v. Slattery,103 Conn. 716, 719 (1926).
The allegations of paragraph eleven of the second, fourth, sixth, eighth, tenth and twelfth counts of the plaintiffs' complaint expressly sound in contract and sufficiently allege facts that a specific agreement existed between the parties.
The Kaiser defendants attack the fifth count and the Hartford Hospital defendants attack the fifth and seventh counts as insufficient because it is claimed that Connecticut does not recognize a cause of action for bystander emotional distress in medical malpractice actions. The defendants rely on the decision in Maloney v. Conroy, 208 Conn. 392 (1988) where our Supreme Court held that "a bystander to medical malpractice may not recover for emotional distress. . . ." Id. at 393. However, the circumstances of this case are clearly and significantly distinguishable.
The plaintiff Sandra Hart's claims are not rounded upon her being a mere eyewitness or bystander. Rather, her claim is based upon one to whom a duty is directly owed. She alleges that she sustained emotional distress as a result of defendants' negligence; that her child's injuries were the result of that negligence and that as a result of witnessing the defendants' negligence and the injuries to her newborn child, she has suffered and will continue to suffer from emotional distress.
A claim of negligent infliction of emotional distress that arises out of the physician-patient relationship moves beyond the contemplation of Maloney where the plaintiff sought damages for the negligent infliction of emotional distress which resulted from her observing the defendant's medical malpractice in the treatment of her mother. The ruling that the defendant owed no duty to a relative bystander was limited to the factual situation presented to the court. See, Shipp v. Norwalk Hospital, 3 Conn. L. Rptr. 277
(February 20, 1991, Nigro, J.), citing Michaud v. Johnson,4 CSCR 720 (August 16, 1989, Schaller, J.); Dowie v. McCarthy, 2 CSCR 666
(May 28, 1987, Gill, J.); Santill v. Kharma, 2 CSCR 446 (March 27, 1987, Healey, J.); Martinez v. Bridgeport Hospital, 1 CSCR 568
(July 22, 1986, Spear, J.); Britton v. Borelli, 7 Conn. Law Trib. CT Page 5318 No. 25, p. 11 (Super.Ct., June 5, 1981, Moraghan, J.). To date, the issue of whether a duty is owed to a plaintiff mother based on the physician-patient relationship has not been addressed by our Supreme Court. See, Ballard v. County Obstetrics GynecologyGroup, P.C., Superior Court, Judicial District of New Haven at New Haven, Docket No. 0292044 S (October 4, 1991).
"To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each. . . ."Shipp v. Norwalk Hospital, supra, citing Britton v. Borelli, supra, quoting Howard v. Lecher, 42 N.Y.2d 109, 116-17, 397 N.Y.S.2d 363
(Cooke, J. dissenting) (1977). A mother "is not a mere bystander . . . but rather she was the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physician's breach of that duty." Britton v. Borelli, supra.
The court further stated that "if she succeeds . . . in proving that the injury to her infant child was caused by the defendants' negligent act or omissions during her labor, then anxiety and emotional distress, suffered by her as a natural consequence of those wrongful acts, should be compensable . . . under ordinary principles of negligence." Britton v. Borelli, supra, at 14-15.
In the present case the plaintiff mother's allegations of emotional distress resulting from the defendants' negligence and their breach of contract arising from the physician-patient relationship properly plead facts to support an action for emotional distress.
The defendants' motions to strike are denied in their entirety.
BY THE COURT:
LEANDER C. GRAY, JUDGE