■ JUDITH C. ESPOSITO, Respondent, v STEVEN JENSON, Appellant, and DALE KLIPFEL, Respondent. [645 NYS2d 240] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of the motion of Steven Jenson, D.D.S. (defendant), for summary judgment seeking dismissal of the cause of action for negligence and dental malpractice. The codefendant attempted to extract one of plaintiff's molars, but left the roots intact. Thereafter defendant, an oral surgeon, removed two of the roots successfully, but failed to remove a third root. By her expert's affidavit, plaintiff raised an issue of fact whether the retained root tip was visible in the presurgical x-ray that defendant reviewed before he performed the procedure and, thus, whether defendant provided "the level of care acceptable in the professional community in which he practices" (*Schrempf v State of New York,* 66 NY2d 289, 295). Plaintiff failed, however, to raise an issue of fact by expert evidence whether defendant's deviation from accepted dental practice was a proximate cause of her alleged emotional injuries and temporomandibular joint disorder. Therefore, plaintiff's claim for damages for those injuries must be dismissed (*see, Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605, 607; *see also, Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721).

It was not necessary, however, for plaintiff to raise an issue

of fact by expert evidence whether defendant's deviation from accepted dental practice was a proximate cause of her alleged pain and suffering and financial loss. A jury may infer, without the aid of expert testimony, that a retained root tip and the further surgery necessary to remove it would cause plaintiff discomfort and some consequential expense (*see, Shaw v Tague,* 257 NY 193; *Ingleston v Francis,* 206 AD2d 745).

The court erred, however, in denying that part of defendant's motion for summary judgment seeking dismissal of the breach of contract cause of action. "[A] breach of contract claim in relation to the rendition of medical services by a physician is sufficient only when based upon an express promise to effect a cure and to accomplish some definite result" (*Owen v Appelbaum,* 205 AD2d 976, 977-978). Plaintiff failed to allege or offer any proof that defendant made a specific promise to accomplish a definite result; in fact, the undisputed proof is to the contrary. The cause of action for breach of contract "is merely a redundant pleading of plaintiff's malpractice claim in another guise" (*Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576). We therefore modify the order by granting in part defendant's motion for summary judgment and dismissing the cause of action for breach of contract and by dismissing plaintiff's claims for emotional injuries and temporomandibular joint disorder (*see, Salzman v Rosell,* 129 AD2d 833; *Liebler v Our Lady of Victory Hosp.,* 43 AD2d 898). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.