■ SALVATORE J. CATAPANO, Appellant, v WINTHROP UNIVER-SITY HOSPITAL, Respondent. [796 NYS2d 158]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much an order of the Supreme Court, Nassau County (Dunne, J.), dated January 23, 2004, as granted the defendant's motion to dismiss the complaint as time-barred pursuant to CPLR 214-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in 2002. In his complaint he alleged, inter alia, that the defendant failed to "promptly examine . . . diagnose . . . and appropriately treat" his decedent in its emergency room in 1996. The defendant moved to dismiss the complaint as time-barred pursuant to CPLR 214-a. In opposition, the plaintiff claimed, inter alia, that the action was governed by the six-year statute of limitations applicable to breach of contract actions.

A breach of contract claim in relation to the rendition of medical services by a hospital will withstand a test of legal sufficiency only when based upon an express promise to affect a cure or to accomplish some definite result (*see Chaff v Parkway Hosp.,* 205 AD2d 571 [1994]; *Nicoleau v Brookhaven Mem. Hosp.,* 201 AD2d 544 [1994]; *Dodes v North Shore Univ. Hosp.,* 149 AD2d 455 [1989]; *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576 [1981]; *see also Robins v Finestone,* 308 NY 543 [1955]). Contrary to the plaintiff's contention, provisions of the "Patient's Bill of Rights" do not constitute the requisite "express promise" or special agreement with the patient so as to furnish the basis for a breach of contract claim (*see Dodes v North Shore Univ. Hosp., supra*). In any event, it is clear that the complaint actually pleads a medical malpractice action, despite the fact that it also contains some breach of contract

phraseology (*see Steiner v Wenning,* 53 AD2d 437 [1976], *mod* 43 NY2d 831 [1977]; *Liebler v Our Lady of Victory Hosp.,* 43 AD2d 898 [1974]).

Accordingly, the court properly dismissed the complaint as time-barred since it is undisputed that the action was commenced well beyond the 2½-year statute of limitations applicable to medical malpractice actions (*see* CPLR 214-a). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.