In an action, inter alia, to recover damages for dental malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated June 14, 2007, as denied that branch of his motion which was to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5), and granted that branch of the plaintiffs cross motion which was for leave to amend the complaint to assert a cause of action sounding in fraud.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s motion which was to dismiss the complaint as time-barred is granted, and that branch of the cross motion which was for leave to amend the complaint to assert a cause of action sounding in fraud is denied.
The plaintiff alleges that on May 27, 2003, the defendant, at a clinic, performed a root canal procedure on his tooth, after which he suffered severe pain on and around the tooth. According to the plaintiff, some two months after that procedure was performed, the defendant informed him that the root canal of that tooth was “not straight” and that he, the defendant, could not treat it any further. Additionally, Dr. Caravana, also a dentist and an owner of the clinic, informed him that no dentist at that clinic could treat that tooth any further.
*729 A different dentist removed the tooth roughly two years and five months after the defendant completed the initial root canal procedure. The plaintiff subsequently commenced this action by filing a summons and complaint on July 28, 2006, alleging, inter alia, causes of action based on dental malpractice and breach of contract.
The Supreme Court erred in denying that branch of the defendant’s motion which was to dismiss the action for failure to commence it within the 2V2-year period prescribed by the applicable statute of limitations (see CPLR 214-a) by relying upon the doctrine of equitable estoppel. It is clear from the plaintiffs allegations that two months after the defendant performed the root canal procedure, he had informed the plaintiff of problems with that procedure. The plaintiff also was aware at that time that he would receive no further treatment from the defendant or any other dentists associated with the clinic where he was treated. Upon these facts, it cannot be said that the plaintiff was induced by the defendant’s “fraud, misrepresentations or deception” to delay the commencement of this action (Simcuski v Saeli, 44 NY2d 442, 449 [1978]). Therefore, the Supreme Court should not have applied the doctrine of equitable estoppel to toll the statute of limitations in this action (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]; Eagleston v Mt. Sinai Med. Ctr., 144 AD2d 427, 429 [1988]; McIvor v Di Benedetto, 121 AD2d 519, 523 [1986]). Since the defendant met his burden of establishing that the applicable statute of limitations had expired, he was entitled to dismissal of the plaintiffs claims sounding in dental malpractice (see Assad v City of New York, 238 AD2d 456 [1997]).
We also agree with the defendant that the plaintiff cannot avoid the statute of limitations by attempting to phrase his claim as one based upon breach of contract. The plaintiff failed to allege damages for his breach of contract claim that are distinct from those of his malpractice claim (see Robins v Finestone, 308 NY 543, 546 [1955]; Catapano v Winthrop Univ. Hosp., 19 AD3d 355 [2005]; Monroe v Long Is. Coll. Hosp., 84 AD2d 576 [1981]).
Finally, the Supreme Court erred in granting that branch of the plaintiffs cross motion which was for leave to amend the complaint to assert a cause of action sounding in fraud against the defendant. The allegations in the proposed amended complaint failed to demonstrate that the defendant made an intentional, material misrepresentation with respect to the root canal procedure, or that the plaintiff relied on such a misrepresentation to his detriment (see generally Simcuski v Saeli, 44 *730 NY2d at 451). Moreover, the damages alleged are no different from those alleged to have resulted from the malpractice claim (see Vigliotti v North Shore Univ. Hosp., 24 AD3d 752 [2005]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.