Detringo v South Is. Family Med., LLC (2018 NY Slip Op 00821)





Detringo v South Is. Family Med., LLC


2018 NY Slip Op 00821


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-13402
 (Index No. 605732/16)

[*1]Ruth Detringo, appellant, 
v
South Island Family Medical, LLC, et al., respondents.


William J. Fallon, Rockville Centre, NY, for appellant.
Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered November 15, 2016, as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
After allegedly being ejected from the defendants' medical facility despite having an appointment, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Prior to interposing an answer, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiff appeals from so much of the order as granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of contract.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87). Moreover, a plaintiff opposing a CPLR 3211(a)(7) dismissal motion may submit evidence to remedy defects in an inartfully drafted but potentially meritorious complaint (see Nilazra, Inc. v Karakus, Inc., 136 AD3d 994, 995). Generally, the complaint need only contain "[s]tatements . . . sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125, affd 16 NY3d 775).
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages (see New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1153; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803). "To create a binding [*2]contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589; see Saul v Cahan, 153 AD3d 947, 950). More particularly, a cause of action to recover damages for breach of contract to provide medical services "will withstand a test to its legal sufficiency only where it is based upon an express special promise to effect a cure or to accomplish some definite result" (Monroe v Long Is. Coll. Hosp., 84 AD2d 576, 576; see Derby v Bitan, 89 AD3d 889, 891; Catapano v Winthrop Univ. Hosp., 19 AD3d 355, 355; Carr v Lipshie, 8 AD2d 330, 332, affd 9 NY2d 983). Here, the plaintiff's allegations, even supplemented by her affidavit submitted in opposition to the defendants' motion to dismiss the complaint, failed to state a cause of action to recover damages for breach of contract to provide medical services. The plaintiff's allegations as to the formation and terms of any alleged contract are vague and entirely conclusory. Moreover, the alleged damages, which are in the nature of pain and suffering, are not recoverable in a cause of action to recover damages for breach of contract to provide medical services (see Keselman v Kingsboro Med. Group, 156 AD2d 334, 335-336; Semel v Culliford, 120 AD2d 901, 902-903; Mitchell v Spataro, 89 AD2d 599, 599).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of contract.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court