■ GLORIA M. FLORIO et al., Respondents, v ALBERT W. COOK, Appellant. —In a medical malpractice action, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated April 11, 1978, as denied his motion for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion for summary judgment granted on the ground that the action is barred by the Statute of Limitations. In February, 1966 defendant, a surgeon, performed a thoracic laminectomy upon plaintiff Gloria M. Florio, for the removal of a spinal cord tumor. Subsequently, she visited his office for postoperative care and observation, the last of which visits was on April 7, 1967. Ms. Florio asserts that defendant on that day referred her to her own physician for further observation and treatment. No material question of fact is raised by this contention. In open court on oral argument, plaintiffs' attorney conceded that Dr. Cook could have done no more—if he did—than request the family physician to give such care and treatment as was warranted by the circumstances and that there was no master-servant or principal-agent relationship between the two physicians. Thereafter, on April 24, 1973, Ms. Florio made one further call to Dr. Cook's office for a physical examination, in what might well have been a ploy to revive the time-barred action. A summons was served within three years of that latter date. Based on the claimed referral to the family physician, plaintiffs invoke the continuous treatment theory postulated in *Borgia v City of New York* (12 NY2d 151) and *Capuano v Jacobs* (33 AD2d 743, affd 27 NY2d 776), and further extended to constructive continuous treatment in *Fonda v Paulsen* (46 AD2d 540). In *Fonda,* in May of 1969, a pathologist misinterpreted as benign a mass excised from plaintiff's right buttock. Not until January, 1972 did the same pathologist perform a second biopsy at the request of the treating physician. This time he reported it to be malignant. The Appellate Division, Third Department, held that this fact alone created a jury question as to whether the pathologist had participated in such continuous treatment as to extend the time to commence suit against him regardless of the actions of the treating physician. The rationale was expressed by noting (p 545): "In the somewhat unique circumstances presented in the case at bar, where the pathologist should have reasonably expected that his work would be relied on by other practitioners in determining the mode of treatment, we feel it appropriate to impute to that pathologist or diagnostician constructive participation in that treatment so long as it continued." Here, however, that rationale has no application. As noted, there was no nexus between defendant and the family physician, who apparently did not rely on

any conversation or correspondence between himself and the defendant. In *Capuano (supra)*, the Appellate Division, First Department, held a jury question existed because of a misreading of an X ray and affirmed a jury verdict in favor of plaintiff. The Court of Appeals affirmed the order of the Appellate Division without opinion. That case, however, is more in line with the reasoning in the *Fonda* case and is not controlling here. In like manner we reject Ms. Florio's argument in which she places reliance on the foreign object theory expounded in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427). Whether her tumor was completely removed or not, since it was within her body all the while, it cannot qualify as a foreign object (see *Merced v New York City Health & Hosps. Corp.*, 44 NY2d 398, 409-410, 414-415). We hold, therefore, that plaintiffs' causes of action accrued on April 7, 1967 (Robert M. Florio's action is derivative in nature) and are accordingly time-barred. Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.