OPINION OF THE COURT
Richard S. Lane, J.
This motion seeks summary judgment dismissing plaintiff’s medical malpractice action as barred by the Statute of Limitations. Plaintiff in opposition relies on an apparently novel extension of the doctrine of continuous treatment (Borgia v City of New York, 12 NY2d 151).
Plaintiff’s family physician, Dr. Thomas Parks, recommended the excision and biopsy of an apparent mass in plaintiff’s left breast. The surgery was performed by defendant Dr. John Whitsell on June 24,1975 at the facilities of defendant New York Hospital. The biopsy was performed by defendant Dr. Janet A. Mouradian, an assistant pathologist in the employ of the hospital on the same date. The diagnosis was “fibrocystic disease”, and plaintiff was discharged by Dr. Whitsell the next day assured that she was free of cancer. Copies of the surgical and pathology reports were mailed to Dr. Parks. A postoperative examination by Dr. Whitsell took place on October 29, 1975.
In late 1976 Dr. Parks re-examined, again felt a mass, and sent her to New Rochelle Hospital for mammography *509 which was negative. When the mass persisted into 1978, Dr. Parks sent her to Dr. Sven Kister who performed a second excision on August 29,1978 at Columbia Presbyterian Hospital. Biopsy this time revealed carcinoma. A review of the original slides requested by Dr. Kister in September, 1978 established that carcinoma was present in 1975 and that Dr. Mouradian had missed it.
Summons and complaint herein were served on or about March 5, 1979.
Papers in opposition to the motion consist solely of plaintiff’s attorney’s affidavit from which most of the above-recited facts have been gleaned. Generally, in the absence of personal knowledge, such an affidavit may not be read to resist the granting of summary judgment (Di Sabato v Soffes, 9 AD2d 297). However, where as here the facts are uncontroverted and probably uncontrovertible being taken from medical records, the general rule may be relaxed (Szajna v Rand, 75 AD2d 617).
The relevant Statute of Limitations is three years as was formerly provided in CPLR 214 (subd 6) in effect in June, 1975. The current two and one-half year statute in CPLR 214-a did not become effective until July 1, 1975. The doctrine of continuous treatment may toll the running of the statute but the statute in effect at the time of the alleged malpractice still controls (McDermott v Torre, 82 AD2d 152; Frew v Hospital of Albert Einstein Coll. of Med., Div. of Montefiore Hosp. & Med. Center, 76 AD2d 826).
With respect to Dr. Whitsell, of course the motion must be granted. His last contact with plaintiff was on October 29, 1975. There is no allegation of or indication that Dr. Parks subsequently relied in any way on what he did or said. Nor was there any master-servant or principal-agent relationship between him and Dr. Parks. Accordingly, continued treatment by Dr. Parks cannot bind him (Florio v Cook, 65 AD2d 548, affd 48 NY2d 792).
Can continued treatment by Dr. Parks bind Dr. Mouradian and the hospital? The time gap between Dr. Mouradian’s last contact with plaintiff and the service of summons and complaint was even greater by a few months than in the case of Dr. Whitsell. Indeed in the conventional *510 sense she never had any contact with or treated plaintiff. However, the doctrine of continuous treatment has already been stretched to include the pathologist constructively (McDermott v Torre, supra; Fonda v Paulsen, 46 AD2d 540). As was stated in the latter case (supra, at p 545): “In the somewhat unique circumstances presented in the case at bar, where the pathologist should have reasonably expected that his work would be relied on by other practitioners in determining the mode of treatment, we feel it appropriate to impute to that pathologist or diagnostician constructive participation in that treatment so long as it continued. In this way, the practitioner guilty of the initial malpractice is subject to the same period of limitations as those who continued the malpractice as a reasonably foreseeable result of the initial wrong.” Accordingly, there is no doubt that, if Dr. Whitsell who brought her into the mátter had been held in, Dr. Mouradian and the hospital would be held in. Surely also, if Dr. Parks had been made a party defendant, Dr. Mouradian and the hospital would be held in. But may continuous treatment by one who has not been accused of malpractice and who is not a party to the action be imputed? It has apparently never 'been done heretofore, but it is suggested in Florio v Cook (supra), and why not? Why should plaintiff’s reluctance to sue her family physician bar her remedy against Dr. Mouradian whom she charges with the primary negligence?
The circumstances which were not present in Florio v Cook (supra), are present here. Although Dr. Mouradian’s principal-agent relationship was with Dr. Whitsell, not Dr. Parks, there is a question of fact as to whether Dr. Parks, in possession of her original report and slides, continued to rely thereon.
Motion granted as to Dr. Whitsell and denied as to Dr. Mouradian and the hospital without prejudice to renewal if lack of reliance by Dr. Parks can be demonstrated.