OPINION OF THE COURT
Nicholas A. Clemente, J.
On October 31, 1978 the plaintiff was treated at the emergency room of defendant, the Brookdale Hospital Medical Center, for a fracture of his right leg. Plaintiff alleges that defendant through its agents did not reduce the fracture in a proper manner. Subsequent to June 15, 1981 plaintiff commenced this action against this defendant by service of a summons and complaint. Brookdale in its answer sets forth a third affirmative defense that the action is barred by the Statute of Limitations.
Brookdale now moves for summary judgment to dismiss the complaint pursuant to CPLR 214-a and 3212,* contending that the two and one-half year period within which to commence the action expired on May 1, 1981.
In opposition to the motion plaintiff argues that there was a continuous course of treatment by Brookdale and/or its employee-agents until approximately May, 1979. Plaintiff admits that he was not seen at Brookdale after November 2,1978 so that the Statute of Limitations would indeed *443 ordinarily toll on May 2, 1981. Plaintiff maintains, however, that a Dr. Freundlich, who is associated with Brook-dale, treated him at the hospital and thereafter plaintiff was continuously treated by Brookdale by virtue of the treatment rendered to him by the defendants, Brook Orthopaedic Associates, Dr. Kenin and Dr. Freundlich.
In my view, the motion for summary judgment should be denied.
Even if the affirmation submitted by defendant Brook-dale’s attorney (who states that he is fully familiar with the facts herein) in support of the motion be deemed sufficient (Di Sabato v Soffes, 9 AD2d 297, 301) it is still apparent that the motion should be denied.
Unlike Florio v Cook (65 AD2d 548) where it was conceded that there was no master-servant or principal-agent relationship between two physicians, and that the defendant referred the plaintiff to her own physician for further observation and treatment, we have at issue a constructive participation more akin to Fonda v Paulsen (46 AD2d 540).
In the Fonda case (supra), as here, a defendant allegedly committed malpractice. Thereafter, although he was no longer treating the patient, his past act (or omission) formed the basis upon which other defendants perpetuated the medical wrong. Thus in extending the continuous treatment theory enunciated in Borgia v City of New York (12 NY2d 151) the Fonda court stated at page 545: “In the somewhat unique circumstances presented in the case at bar, where the pathologist should have reasonably expected that his work would be relied on by other practitioners in determining the mode of treatment, we feel it appropriate to impute to that pathologist or diagnostician constructive participation in that treatment so long as it continued. In this way, the practitioner guilty of the initial malpractice is subject to the same period of limitations as those who continued the malpractice as a reasonably foreseeable result of the initial wrong. Of course, there may have come a point where continuation of a course of treatment was negligent in and of itself irrespective of the original erroneous diagnosis; at that point, the diagnostician’s constructive continuance in the treatment would *444 have ceased. But the determination of such a question is one of fact based upon medical evidence which can only be decided by the jury.”
So, too, in the case at bar the hospital, which reduced the fracture, should reasonably have expected a reliance on their work by other practitioners as the treatment continued.
Accordingly, defendant Brookdale’s motion for summary judgment is denied.

 On Nov. 10,1981, Brookdale first moved for summary judgment. That motion was denied in an order dated Aug. 3, 1982 (Fuchs, J.), which stated “defendant’s motion for summary judgment is denied with leave to renew upon the completion of discovery of plaintiff by defendant”. Defendant asserts that its discovery of plaintiff is complete and it, therefore, is again moving (not by way of renewal or reargument) to dismiss.