OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In January 1977 decedent, a patient of Dr. Mishrick, was admitted to St. Francis Hospital (the Hospital) for removal of a growth behind her left ear. Dr. Tagliamonti, a pathologist at St. Francis Hospital, examined a sample of that tissue on January 28, 1977 and reported that he found no malignant cells; decedent was discharged the same day. Dr. Mishrick continued to treat decedent, discovered a basal cell carcinoma on her left shoulder in 1980, and in December 1982, admitted her to another hospital for further tests at the site of the original excision. These tests revealed a malignant melanoma at the site of the original growth. In 1983, the 1977 biopsy was reviewed at another hospital and found to contain malignant cells. This medical malpractice action, maintained by dece *994 dent’s personal representatives against Dr. Mishrick, Dr. Tagliamonti, and the Hospital was commenced in April 1983.
In April and May 1984, all three defendants brought motions for summary judgment because plaintiffs’ action was commenced beyond the Statute of Limitations. Summary judgment was denied as to each defendant. Special Term held that there were questions of fact as to whether there was continuing treatment by decedent’s treating physician, Dr. Mishrick, and whether this alleged continuous treatment could be the basis for extending the Statute of Limitations as against Dr. Tagliamonti and the Hospital. The Appellate Division reversed as to Dr. Tagliamonti and the Hospital and granted summary judgment dismissing the complaints against them. Only these rulings are before us.
In McDermott v Torre (56 NY2d 399), we held that the continuous treatment of a patient by the attending physician will not result in an extension of the Statute of Limitations as against an independent pathology laboratory which allegedly misread a biopsy. We reject the argument that a different rule should be applied here simply because the misreading of the biopsy was by a pathologist working in a hospital laboratory rather than by an outside laboratory, as in McDermott. We find no evidence of "an agency or other relevant relationship” between Dr. Tagliamonti and Dr. Mishrick or of a "continuing relation” between Dr. Tagliamonti and the decedent to warrant extension of the Statute of Limitations as against Dr. Tagliamonti (see, McDermott v Torre, supra, at pp 403, 408). Thus, under McDermott, the Statute of Limitations is not extended as against Dr. Tagliamonti or against the Hospital to the extent that its liability may be predicated on Dr. Tagliamonti’s negligence. Nor is the Statute of Limitations extended against the Hospital by imputing to it the continuous treatment of decedent by Dr. Mishrick by virtue of his status as a physician affiliated with the Hospital (see, Ruane v Niagara Falls Mem. Med. Center, 60 NY2d 908).
Plaintiffs argue that further discovery is required to reveal necessary facts pertaining to the relationship between Dr. Tagliamonti and Dr. Mishrick so as to oppose summary judgment. Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction (see, Tausig & Son v Providence Wash. Ins. Co., 28 AD2d 279, affd 21 NY2d 1022; Silinsky v StateWide Ins. Co., 30 AD2d 1, 5-6). Plaintiffs had ample opportu *995 nity to commence discovery proceedings before this motion was brought but did not do so.
Insofar as Fonda v Paulsen (46 AD2d 540), and cases relying on it (see, e.g., Walpole v Whitsell, 110 Misc 2d 508; Bongiorno v Brookdale Med. Center, 119 Misc 2d 442) are to the contrary, they should not be followed (see, Modzelewski v Kingsbrook Jewish Med. Center, 129 Misc 2d 461, mod 120 AD2d 120).
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
Order affirmed, with costs, in a memorandum.