■ LOUISE F. MEIER, Appellant, v HUNTINGTON HOSPITAL ASSOCIATION, Also Known as HUNTINGTON HOSPITAL, Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from an

order of the Supreme Court, Suffolk County (Gerard, J.), dated August 14, 1990, which granted the motion of the defendant Huntington Hospital Association also known as Huntington Hospital to dismiss the complaint against it as time-barred.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court's determination that the case at bar is governed by the Statute of Limitations for medical malpractice actions (see, CPLR 214-a; Bleiler v Bodner, 65 NY2d 65).

Furthermore, the court correctly concluded that the continuous treatment doctrine may not be applied to toll the Statute of Limitations as to the defendant hospital. The continuous treatment of a patient by his or her personal attending physician does not toll the Statute of Limitations as against an independent laboratory or a radiologist located in a hospital (see, Brocco v Westchester Radiological Assocs., 175 AD2d 903, 904). Here, there is no evidence of an agency or other "relevant relationship" between the defendant and the plaintiff's attending physician (see, McDermott v Torre, 56 NY2d 399, 408; Ruane v Niagara Falls Mem. Med. Ctr., 60 NY2d 908; Pierre-Louis v Chung-Yuan Hwa, 182 AD2d 55).

The diagnostic procedures and services performed by the defendant hospital were discrete and complete in October 1979 (see, McDermott v Torre, supra, at 405). The subsequent admission of the plaintiff to the hospital in March 1980, as directed by her attending physician, was a renewal rather than a continuation of the hospital-patient relationship (cf., Rizk v Cohen, 73 NY2d 98, 105). Accordingly, the action against the defendant hospital, which was commenced in September 1982, more than two years and six months after the diagnostic procedures were completed, was time-barred pursuant to CPLR 214-a. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.