■ ERIC KLOTZ et al., Respondents, v DAVID RABINOWITZ, Appellant. [675 NYS2d 649] —In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated June

3, 1997, which denied his motion pursuant to CPLR 214-a and 3211 (a) (5) to dismiss the plaintiffs' complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff Eric Klotz allegedly suffered debilitating damage to a nerve as a result of hernia surgery performed by the defendant doctor on April 24, 1989. The defendant had provided post-operative care related to the surgery on April 30, 1989, and May 7, 1989. Due to persistent pain in the area of the hernia surgery and upon the advice of his primary physician, the plaintiff returned to the defendant on August 29, 1991, and January 19, 1992, for a diagnosis as to the source of the pain and for treatment. On these visits, the defendant allegedly failed to determine that the pain had been caused by the hernia surgery.

CPLR 214-a provides, in relevant part, that an action alleging medical malpractice must be commenced within 2½ years of the act, omission, or failure complained of or last treatment where there is continuous treatment for the same illness, injury, or condition. The continuous treatment doctrine will be applied where the patient initiates a timely visit to complain about and seek treatment for a problem related to the initial treatment (*McDermott v Torre*, 56 NY2d 399; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333; *Siegel v Wank*, 183 AD2d 158).

The plaintiff commenced this action within 2½ years of the last treatment by the defendant relating to the hernia surgery. Thus, the court properly determined that the defendant's conduct fell within the continuous course of treatment doctrine (*see, Nykorchuck v Henriques*, 78 NY2d 255; *see also, McDermott v Torre, supra*). Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.