■ JOAN P. CULHANE, Individually and as Administrator of the Estate of ROBERT CULHANE, Deceased, Respondent, v JEFFREY H. SCHORR, Defendant, and SOUTHAMPTON HOSPITAL ASSOCIATES, Appellant. [686 NYS2d 105] —In an action to recover damages for medical malpractice, the defendant Southampton Hospital Associates appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 26, 1998,

which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In 1984 the decedent came under the care of the defendant Jeffrey Schorr, M.D., a doctor affiliated with but not employed by the appellant, Southampton Hospital Associates (hereinafter the hospital). Schorr removed the decedent's right kidney, which was cancerous. To monitor the decedent's condition to assure that his cancer did not recur or metastasize, Schorr prescribed a course of semi-annual CAT scans and follow-up visits. The CAT scans were performed approximately every six months at the hospital from June 1985 through June 1991 by Radiological Health Services, P. C., now Southampton Radiology, P. C. (hereinafter SHR). In June 1991 a bone scan led to the discovery that the cancer had spread to the decedent's abdomen. The decedent died in February 1993.

The plaintiff, individually and as administrator of the estate of the decedent, thereafter commenced this action to recover damages for medical malpractice. The plaintiff alleged that, beginning December 1989, CAT scans indicated abnormal abdominal growths that the defendants negligently failed to detect, investigate, and treat. After issue was joined and various discovery conducted, the hospital moved for summary judgment dismissing the complaint insofar as asserted against it. The hospital argued that it had not rendered any medical treatment to the decedent, and that all of the treatment at issue was rendered by SHR and/or Schorr. The hospital further argued that it could not be held vicariously liable for the alleged negligence of Schorr because he was merely affiliated with the hospital, not an employee, and it could not be held vicariously liable for the negligence of SHR because SHR was an independent corporation with its own employees which merely performed radiological services for the hospital pursuant to a contract. In the order appealed from, the Supreme Court denied the hospital's motion. We now reverse.

In opposition to the hospital's prima facie showing of entitlement to judgment as a matter of law as to any vicarious liability concerning the alleged negligence of Schorr, the plaintiff failed to raise a triable issue of fact (see, Hill v St. Clare's Hosp., 67 NY2d 72, 79-81). Although the decedent was originally admitted through the emergency room of the hospital, there is no competent proof in the record that the

decedent believed that he was receiving care from the hospital in general, as opposed to Schorr specifically. Indeed, at an examination before trial, the plaintiff testified that the decedent was seen by Schorr at her request and the decedent's request based on a recommendation of a friend. Further, the alleged negligence at issue concerns the follow-up visits to monitor the cancer, not the initial emergency room visits or surgery. The plaintiff testified that all such follow-up visits occurred at Schorr's private offices. In sum, the plaintiff failed to raise a triable issue of fact that the hospital may be held vicariously liable for the alleged negligence of Schorr.

Further, the hospital cannot be held vicariously liable for the alleged negligence of SHR since an action against SHR is time-barred. This action was commenced on August 23, 1993. The last alleged act of negligence by SHR was December 19, 1990, which is not within the relevant two and one-half-year period of limitations (see, CPLR 214-a). Further, the Statute of Limitations was not tolled. The plaintiff failed to raise a triable issue of fact either that SHR was engaged in a continuous course of treatment of the decedent that extended to within the limitations period (see, Meath v Mishrick, 68 NY2d 992; McDermott v Torre, 56 NY2d 399; Davis v City of New York, 38 NY2d 257; Sweet v Austin, 226 AD2d 942; Noack v Symenow, 132 AD2d 965), or that an agency or other relevant relationship existed between Schorr and SHR sufficient to support a finding that any continuous course of treatment rendered to the decedent by Schorr operated to toll the Statute of Limitations as against SHR (see, Meath v Mishrick, supra; McDermott v Torre, supra; Cox v Kingsboro Med. Group, 214 AD2d 150, affd 88 NY2d 904; Meier v Huntington Hosp. Assn., 186 AD2d 637).

In any event, even if an action against SHR was not time-barred, summary judgment in favor of the hospital would still be warranted. In opposition to the hospital's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the hospital may be estopped from denying liability for the alleged negligence of SHR, an independent laboratory, or that the hospital exercised actual direction or control over SHR (see, Gunther v Staten Is. Hosp., 226 AD2d 427; Sarivola v Brookdale Hosp. & Med. Ctr., 204 AD2d 245).

Moreover, the plaintiff's mere hope that additional discovery will reveal something helpful to her case concerning the hospital's vicarious liability for the alleged negligence of SHR does not provide a basis for postponing determination of the motion at bar (see, Bryan v City of New York, 206 AD2d 448;

*Plotkin v Franklin,* 179 AD2d 746). The action was pending for over four years before the motion was made, and the plaintiff failed to avail herself of any opportunities to obtain disclosure of the necessary facts (*see, Meath v Mishrick,* 68 NY2d 992, *supra; Douglas Manor Assn. v Alimaras,* 215 AD2d 522). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.