■ HIGHLAND SAND & GRAVEL, INC., Respondent, v RUST ENVIRONMENT & INFRASTRUCTURE OF NEW YORK, INC., Appellant. [721 NYS2d 684] —In an action to recover damages for professional malpractice, the defendant appeals from an interlocutory judgment of the Supreme Court, Orange County (Byrne, J.H.O.), dated December 16, 1999, which, after a nonjury trial, *inter alia,* is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

In 1984 the plaintiff hired the defendant's predecessor in interest, Dunn Geoscience Corporation (hereinafter Dunn) to determine the feasibility of mining the plaintiff's quarry for sandstone. In or about January 1985, Dunn issued a report to the plaintiff which indicated that its quarry contained a total of 4.7 million tons of commercially-usable sandstone, apparently for use in cement and concrete. In 1991 and 1994, Dunn and the defendant, respectively, prepared additional reports for the plaintiff concerning the quality of the material in the plaintiff's quarry. In 1997 the plaintiff commenced the instant action to recover damages for professional malpractice. The plaintiff claimed that Dunn's 1985 report overstated the

quantity of usable sandstone and underestimated the difficulty of separating some of the usable sandstone from unusable shale or mudstone. The defendant asserted, *inter alia*, that the plaintiff's complaint was barred by the Statute of Limitations. Following a nonjury trial, the Supreme Court rejected the defendant's Statute of Limitations argument based on the continuous relationship doctrine, and entered a judgment in favor of the plaintiff and against the defendant on the issue of liability. The defendant appeals. We reverse.

The Supreme Court incorrectly determined that the continuous relationship doctrine tolled the applicable Statute of Limitations. The services rendered by Dunn were discrete and complete in 1985, and the subsequent reports prepared in 1991 and 1994 constituted a renewal, rather than a continuation, of the relationship between the plaintiff and Dunn and/or the defendant (*see, Rizk v Cohen,* 73 NY2d 98, 105; *Meier v Huntington Hosp. Assn.,* 186 AD2d 637, 638; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 384). Therefore, under either the three-year Statute of Limitations applicable to malpractice actions (*see,* CPLR 214 [6]) or the six-year Statute of Limitations applicable to breach of contract actions (*see,* CPLR 213), the action was untimely. O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.