■ Arthur Glasby, Respondent, v Richard Fogler, Appellant. [757 NYS2d 102] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 22, 2002, as denied that branch of his motion which was for summary judgment dismissing the complaint on the ground that it is barred by the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

A medical malpractice claim generally accrues on the date of the alleged wrongful act or omission, and is governed by the 2½-year statute of limitations (*see* CPLR 214-a; *Nykorchuck v Henriques,* 78 NY2d 255 [1991]). However, under the continuous treatment doctrine, the limitations period does not begin to run until the end of a course of treatment where "the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338 [1997] [internal quotation marks omitted]; *see Nykorchuck v Henriques, supra*; *McDermott v Torre,* 56 NY2d 399 [1982]). "The continuous treatment doctrine will be applied where the patient initiates a timely visit to complain about and seek treatment for a problem related to the initial treatment" (*Klotz v Rabinowitz,* 252 AD2d 542, 543 [1998]; *see McDermott v Torre, supra* at 406).

Contrary to the defendant's contention, the Supreme Court properly denied his motion for summary judgment dismissing the complaint as time-barred. In support of his motion, the defendant established that this action was commenced more than 2½ years after the hernia surgery which allegedly caused the plaintiff to suffer nerve damage. However, in opposition to the motion, the plaintiff demonstrated that there is an issue of fact as to whether his last visit to the defendant on January 21, 1999, for pain related to hernia surgery, constituted a timely visit for corrective treatment within the scope of the continuous treatment doctrine (*see Gehbauer v Baker,* 292 AD2d 255 [2002]; *Klotz v Rabinowitz, supra*; *Siegel v Wank,* 183 AD2d 158 [1992]). If the January 21, 1999, visit was part of a course of continuous treatment, this action, which was commenced less than 2½ years from that date, is not barred by the statute of limitations. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.