■ SANTO ARTALE et al., Respondents, v ST. FRANCIS HOSPITAL et al., Appellants, et al., Defendant. [780 NYS2d 907]—

In an action to recover damages for medical malpractice, etc., the defendants St. Francis Hospital and Patrick Monteleone appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated December 9, 2002, as denied that branch of their motion for summary judgment which was to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants St. Francis Hospital and Patrick Monteleone (hereinafter the appellants) contend that the Supreme Court improperly concluded that the doctrine of continuous treatment applied with respect to their care of the plaintiff Santo Artale. An action sounding in medical malpractice must be commenced within 2¹/₂ years of either the act or omission complained of or the last treatment where there has been continuous treatment for the same condition which gave rise to the act or omission (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291 [1998]; *Borgia v City of New York,* 12 NY2d 151 [1962]).

In support of the motion for summary judgment, the appellants demonstrated that this action was commenced more than 2¹/₂ years after Artale was first discharged from St. Francis Hospital for the admission during which the alleged malpractice occurred. However, in opposition, the plaintiffs raised a triable issue of fact as to whether Artale's subsequent admission to the hospital constituted a continuation of the course of treatment for the same condition which allegedly arose as a result of malpractice during his first admission (*see Massie v Crawford,* 78 NY2d 516 [1991]; *Glasby v Fogler,* 303 AD2d 718 [2003]; *cf. Meier v Huntington Hosp. Assn.,* 186 AD2d 637 [1992]).

Accordingly, the Supreme Court should not have concluded as a matter of law that the continuous treatment doctrine was applicable in this case. Nevertheless, the appellants' motion for summary judgment was properly denied inasmuch as there remains a triable issue of fact to be determined at trial (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.