■ TOWN OF RIVERHEAD, Respondent, v BRUCE R. MADONNA et al., Defendants. COALITION OF LANDLORDS, HOMEOWNERS & MERCHANTS, INC., Nonparty Appellant. (Matter No. 1.) In the Matter of BRUCE MADONNA et al., Petitioners, v TOWN OF RIVERHEAD et al., Respondents. (Matter No. 2.) [804 NYS2d 251]—In an action pursuant to Town Law § 268 (2) to enjoin certain construction on residential real property in the Town of Riverhead (matter No. 1), and in a related hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Riverhead dated August 20, 2002, reaffirming an earlier acceptance of a certain road as a town highway, and for a judgment declaring, among other things, that the Town of Riverhead had no right, title, or interest in the subject road (matter No. 2), the nonparty Coalition of Landlords, Homeowners & Merchants, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Lifson, J.), entered February 6, 2004, as granted that branch of the motion of the Town of Riverhead, made in matter No. 1, which was to impose costs and sanctions against it pursuant to 22 NYCRR 130-1.1, imposed a sanction upon it in the sum of $5,000, to be paid to the Lawyers' Fund for Client Protection, directed it to pay an attorney's fee in the sum of $9,900 to the Town of Riverhead, and, in effect, denied its motion for recusal and to deem the motion of the Town of Riverhead for costs and sanctions to be abandoned pursuant to 22 NYCRR 202.48.

Ordered that the order and judgment is modified, on the facts, on the law, and as a matter of discretion, by deleting the first, second, third, and fifth decretal paragraphs thereof and substituting therefor a provision denying that branch of the

motion of the Town of Riverhead, made in matter No. 1, which was to impose costs and sanctions against the appellant pursuant to 22 NYCRR 130-1.1; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances presented, the Supreme Court improvidently exercised its discretion in directing the appellant to pay an attorney's fee and a sanction pursuant to 22 NYCRR 130-1.1 (*see Gottlieb v Gottlieb*, 291 AD2d 532 [2002]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.