■ Mary Doe, Appellant, v Community Health Plan et al., Respondents. [803 NYS2d 322]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered March 31, 2004 in Rensselaer County, which denied plaintiff's motion for reconsideration of a prior order, (2) from an order of said court, entered June 4, 2004 in Rensselaer County, which conditionally granted defendants' motion to dismiss the complaint, and (3) from an order of said court, entered October 21, 2004 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

During 1992 and 1993, plaintiff sought various types of health care treatment from individuals affiliated with defendant Community Health Plan. Proceeding without an attorney, plaintiff commenced this action in November 1996 alleging, in essence, a breach of fiduciary duty of confidentiality regarding her mental health records, as well as claims of malpractice and negligence. After sundry delays, a discovery schedule was ordered in

December 2003. Plaintiff's motion for "reconsideration and vacatur" of that order was denied in March 2004, prompting an appeal by plaintiff. When plaintiff failed to comply with the discovery order, defendants moved to dismiss pursuant to CPLR 3126. Supreme Court issued an order in June 2004 granting the motion unless plaintiff complies with the discovery demands by a specific date. Plaintiff appealed from that order. Defendants thereafter moved for summary judgment dismissing the complaint upon the grounds that plaintiff's causes of action were both barred by the statute of limitations and without merit. Supreme Court found both grounds persuasive and granted defendants' motion, resulting in a third appeal by plaintiff. The appeals have been consolidated.

We turn first to plaintiff's contention that Supreme Court erred in dismissing the complaint as barred by the applicable statute of limitations. A period of three years applies to the ostensive causes of action premised upon breach of confidentiality (*see Tighe v Ginsberg*, 146 AD2d 268, 271-272 [1989]) and negligence (*see* CPLR 214 [5]). To the extent that medical malpractice is a theory being pursued by plaintiff, the shorter time of $2^{1}/_{2}$ years governs (*see* CPLR 214-a). Here, with the exception of defendant Sharon Harris-Pelliccia, all alleged relevant contact with and conduct by each of the individual defendants occurred more than three years before November 18, 1996, the date the action was commenced. While Harris-Pelliccia, a physician's assistant, last saw plaintiff on November 24, 1993, that visit was unrelated to the November 1992 visit about which plaintiff complains. Plaintiff provided no proof showing the applicability of the continuous treatment doctrine to any purported malpractice (*see Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025 [2004]). Even affording the pro se plaintiff's pleadings "the benefit of every favorable inference" (*Malphrus v Carrk*, 227 AD2d 809, 809 [1996]), the allegations cannot now be properly construed as supporting viable claims for breach of contract or fraud, as currently suggested by plaintiff. Defendants established the merits of their time-related defense and plaintiff failed to raise a factual issue with respect thereto.

Although it is not necessary to reach that aspect of defendants' motion directed at the alleged lack of merit of the underlying action, we note that review of the record reveals that Supreme Court correctly determined that defendants met their threshold burden in such regard and plaintiff's response did not produce a triable issue. The remaining issues are academic.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order entered October 21, 2004 is affirmed, without

costs. Ordered that the appeals from the orders entered March 31, 2004 and June 4, 2004 are dismissed, as academic, without costs.