■ COLLEEN DERBY, Appellant, v FABIAN BITAN, Respondent. [933 NYS2d 315]—

The plaintiff commenced this action, pro se, alleging causes of action to recover damages for medical malpractice, lack of informed consent, and breach of contract after undergoing a disc replacement surgery performed by the defendant on her back. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging breach of contract. The defendant opposed the plaintiff's motion and cross-moved, among other things, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee and costs incurred in defense of the motion on the ground that the plaintiff's motion was frivolous.

The Supreme Court denied the plaintiff's motion finding that she failed to demonstrate, prima facie, her entitlement to judgment as a matter of law. The court further held that, pursuant to 22 NYCRR 130-1.1, the defendant was entitled to an award of an attorney's fee and costs incurred in defense of the motion finding that the plaintiff's motion was so completely without merit in law that it was made primarily to harass or maliciously injure the defendant. Accordingly, the Supreme Court granted those branches of the defendant's cross motion pursuant to 22 NYCRR 130-1.1 which were for an award of an attorney's fee and costs incurred in defense of the motion to the extent of awarding the defendant an attorney's fee and costs in the sum of $1,000. We modify.

"[W]here the party rendering services can be shown to have expressly bound itself to the accomplishment of a particular result, the courts will enforce that promise" (*Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482, 487 [1977]). As relevant here, "a doctor and his patient are at liberty to contract for a particular result and, if that result be not attained, a cause of action for breach of contract results which is entirely separate from one for malpractice although both may arise from the

same transaction" (*Robins v Finestone*, 308 NY 543, 546 [1955]). To demonstrate, prima facie, entitlement to judgment as a matter of law on the issue of liability in this context, a plaintiff must demonstrate that the doctor made an express promise to affect a cure or to accomplish some definite result and that he failed to affect that cure or accomplish that result (*see Catapano v Winthrop Univ. Hosp.*, 19 AD3d 355, 355 [2005]; *Varone v Delman*, 272 AD2d 320 [2000]; *Nicoleau v Brookhaven Mem. Hosp. Ctr.*, 201 AD2d 544, 545 [1994]; *McCarthy v Berlin*, 178 AD2d 584, 584 [1991]; *Monroe v Long Is. Coll. Hosp.*, 84 AD2d 576, 576-577 [1981]).

Here, in support of her motion for summary judgment, the plaintiff submitted evidence which showed that on August 9, 2004, the defendant promised that, if she underwent the disc replacement surgery, he would attain a specific result. The plaintiff also submitted evidence demonstrating that the defendant failed to achieve the allegedly promised result. However, the plaintiff's submissions also included other evidence tending to demonstrate that the defendant did not make an express promise to the plaintiff on August 9, 2004.

Taken as a whole, the plaintiff's submissions failed to eliminate all material issues of fact with respect to the cause of action alleging breach of contract (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the plaintiff failed to meet her initial burden, we need not review the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging breach of contract.

However, although the plaintiff's motion was not ultimately meritorious, under the circumstances, the Supreme Court improvidently exercised its discretion in granting those branches of the defendant's cross motion pursuant to 22 NYCRR 130-1.1 which were for an award of an attorney's fee and costs incurred in defense of the motion to the extent of awarding the defendant an attorney's fee and costs in the sum of $1,000 (*see Town of Riverhead v Madonna*, 23 AD3d 375, 376 [2005]; *Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]; *Gottlieb v Gottlieb*, 291 AD2d 532, 532 [2002]).

The plaintiff's remaining contention regarding recusal is not properly before this Court (*see Ferdinand v Ferdinand*, 56 AD3d 604, 604 [2008]; *Oparaji v Scheiner*, 50 AD3d 753, 754 [2008]). Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.