■ BRIAN GRAY et al., Respondents, v WYCKOFF HEIGHTS MEDICAL CENTER, Appellant. [62 NYS3d 540]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated June 29, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In June 2011, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice in connection with surgery the plaintiff Brian Gray (hereinafter the injured plaintiff) underwent at the defendant medical center. Thereafter, the defendant moved for summary judgment dismissing the complaint on the grounds that certain claims were barred by the statute of limitations, its treatment of the injured plaintiff did not depart from good and accepted standards of medical practice, and its treatment of the injured plaintiff was not a proximate cause of his injuries. The Supreme Court denied the defendant's motion.

The defendant contends that the Supreme Court improperly concluded that the doctrine of continuous treatment applied with respect to its care of the injured plaintiff. An action sounding in medical malpractice must be commenced within 2½ years of either the act or omission complained of, or the last treatment where there has been continuous treatment for the same condition which gave rise to the act or omission (*see* CPLR 214-a; *Goldsmith v Howmedica, Inc.*, 67 NY2d 120, 122 [1986]). The continuous treatment doctrine will be applied when there "is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre*, 56 NY2d 399, 406 [1982]).

In support of its motion for summary judgment, the defendant demonstrated, prima facie, that this action was commenced more than 2½ years after the alleged malpractice occurred. However, in opposition, the plaintiffs raised a triable issue of fact as to whether the injured plaintiff's subsequent admissions to the medical center constituted a continuation of the course of treatment for the same condition which allegedly arose as a result of malpractice committed during his first admission (*see Pichichero v Falcon*, 142 AD3d 981, 984 [2016]; *Artale v St. Francis Hosp.*, 10 AD3d 439, 440 [2004]; *Glasby v Fogler*, 303 AD2d 718, 719 [2003]).

Furthermore, although the defendant met its prima facie burden of establishing that it did not depart from good and ac-

cepted standards of medical practice and that, in any event, any alleged departure was not a proximate cause of the injured plaintiff's injuries (*see Stukas v Streiter*, 83 AD3d 18, 24 [2011]), the plaintiffs raised a triable issue of fact, through the affirmation of their expert, as to whether the defendant departed from good and accepted medical practice by failing to remove a metallic object during the injured plaintiff's first operation and, if so, whether such a departure was a proximate cause of the injured plaintiff's injuries.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.