Laner v Laner (2018 NY Slip Op 06234)





Laner v Laner


2018 NY Slip Op 06234


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-05817
2016-10022
2016-10025
2016-10026
 (Index No. 100595/15)

[*1]Lauren Laner, appellant, 
v
Linda Laner, defendant, Staten Island University Hospital, et al., respondents.


Lauren Laner, Staten Island, NY, appellant pro se.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent Staten Island University Hospital.
Santangelo, Benvenuto & Slattery (James W. Tuffin, Islandia, NY, of counsel), for respondents Richmond University Medical Center and Bayley Seton Hospital.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondent New York and Presbyterian Hospital, sued herein as Payne Whitney.
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 19, 2016, and three judgments of the same court dated June 14, 2016, July 12, 2016, and August 12, 2016, respectively. The order granted the separate motions of the defendant New York and Presbyterian Hospital, sued herein as Payne Whitney, and the defendants Richmond University Medical Center and Bayley Seton Hospital pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, and granted the motion of the defendant Staten Island University Hospital for summary judgment dismissing the complaint insofar as asserted against it. The judgments, upon the order, dismissed the complaint insofar as asserted against the defendant New York and Presbyterian Hospital, sued herein as Payne Whitney, the defendants Richmond University Medical Center and Bayley Seton Hospital, and the defendant Staten Island University Hospital, respectively.



DECISION & ORDER
By order to show cause dated June 21, 2017, the parties were directed to show cause before this Court, inter alia, why an order should or should not be made and entered dismissing the appeal from the order insofar as taken against the defendants New York and Presbyterian Hospital, sued herein as Payne Whitney, Staten Island University Hospital, Richmond University Medical Center, and Bayley Seton Hospital on the ground that the right of direct appeal from the order terminated with entry of the judgments dated June 14, 2016, July 12, 2016, and August 12, 2016, in favor of those defendants. By decision and order on motion of this Court dated October 16, 2017, the branch of the motion which is to dismiss the appeal from the order insofar as taken against the [*2]defendants New York and Presbyterian Hospital, sued herein as Payne Whitney, Staten Island University Hospital, Richmond University Medical Center, and Bayley Seton Hospital was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order insofar as taken against the defendants New York and Presbyterian Hospital, sued herein as Payne Whitney, Staten Island University Hospital, Richmond University Medical Center, and Bayley Seton Hospital is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgments are affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the order dated February 19, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the three judgments in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]).
In May 2015, the plaintiff commenced this action, inter alia, sounding in medical malpractice, negligence, defamation, and breach of confidentiality against, among others, the defendants Staten Island University Hospital (hereinafter SIUH), Richmond University Medical Center, Bayley Seton Hospital, and New York and Presbyterian Hospital, sued herein as Payne Whitney (hereinafter NYPH). Thereafter, SIUH moved for summary judgment dismissing the complaint insofar as asserted against it as time-barred, Richmond University Medical Center and Bayley Seton Hospital (hereinafter together the RUMC defendants) moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against them as time-barred and for failure to state a cause of action, and NYPH moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against it as time-barred and for failure to state a cause of action. The Supreme Court granted the motions, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant NYPH's motion to dismiss the complaint insofar as asserted against it as time-barred and to grant SIUH's motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred. NYPH and SIUH demonstrated, prima facie, that the plaintiff did not commence this action until after the expiration of the applicable statutes of limitations (see CPLR 214[5]; 214-a, 215[3]; Goldsmith v Howmedica, Inc., 67 NY2d 120, 122; Gray v Wyckoff Hgts. Med. Ctr., 155 AD3d 616, 617; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Wilson v Erra, 94 AD3d 756; Doe v Community Health Plan, 23 AD3d 778). In opposition, the plaintiff failed to raise an issue of fact as to whether the applicable statutes of limitations were tolled or otherwise inapplicable (see Shah v Exxis, Inc., 138 AD3d 970, 971).
We also agree with the Supreme Court's determination to grant the RUMC defendants' motion to dismiss the complaint insofar asserted against them for failure to state a cause of action. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the complaint fails to state a cause of action against the RUMC defendants and NYPH.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court