Chvetsova v Family Smile Dental (2022 NY Slip Op 00650)





Chvetsova v Family Smile Dental


2022 NY Slip Op 00650


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05845
 (Index No. 507838/15)

[*1]Inna Chvetsova, appellant, 
v
Family Smile Dental, et al., defendants, Michael Irlin, etc., respondent.


Alexander T. Shapiro & Associates, P.C., New York, NY, for appellant.
Amabile & Erman, P.C., Staten Island, NY (Stephanie M. Berger of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated March 11, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Michael Gelfand, Michael Irlin, and Anna Z. Suler which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Michael Irlin and denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the affirmative defense of the defendant Michael Irlin based on the statute of limitations.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Michael Gelfand, Michael Irlin, and Anna Z. Suler which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Michael Irlin, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff by the defendant Michael Irlin.
The plaintiff commenced this action against the defendants Michael Gelfand, Michael Irlin, and Anna Z. Suler (hereinafter collectively the individual defendants), and another defendant, to recover damages for medical malpractice, lack of informed consent, and breach of contract. The plaintiff alleged, among other things, that the defendants negligently failed to diagnose her with a bone condition prior to recommending and performing surgery, contraindicated by that condition, to install dental implants and a prosthesis in her upper jaw in 2008. The plaintiff alleged that she was not adequately informed of the risks of the procedure or the available alternatives at the time she agreed to it. The plaintiff further alleged that, as a result of the defendants' negligence, she had to undergo numerous corrective surgeries and related treatment from 2008 up through and including her last visit with the defendants on December 24, 2012, and reconstructive maxillofacial surgery from a different provider thereafter. In separate answers, the individual defendants each denied the substantive allegations in the amended complaint and asserted, as an affirmative defense, that the action was barred by the statute of limitations.
The individual defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against them on the grounds that the medical malpractice and lack of informed consent causes of action were time-barred and the breach of contract cause of [*2]action failed to state a cause of action. The plaintiff opposed the motion and cross-moved for summary judgment dismissing the individual defendants' affirmative defenses based on the statute of limitations. In an order dated March 11, 2019, the Supreme Court, inter alia, granted that branch of the individual defendants' motion which was to dismiss the amended complaint insofar as asserted against Irlin and denied that branch of the plaintiff's cross motion which was to dismiss Irlin's affirmative defense based on the statute of limitations. The plaintiff appeals.
With respect to the medical malpractice and lack of informed consent causes of action, actions asserting such causes of action "'must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure'" (Wright v Southampton Hosp., 187 AD3d 1242, 1244, quoting CPLR 214-a; see Murray v Charap, 150 AD3d 752, 753-754). "'Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous'" (Wright v Southampton Hosp., 187 AD3d at 1244, quoting Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850). "'The underlying premise of the continuous treatment doctrine is that the doctor-patient relationship is marked by continuing trust and confidence and that the patient should not be put to the disadvantage of questioning the doctor's skill in the midst of treatment, since the commencement of litigation during ongoing treatment necessarily interrupts the course of treatment itself'" (Wright v Southampton Hosp., 187 AD3d at 1244, quoting Gomez v Katz, 61 AD3d 108, 111).
"Continuity of treatment is often found to exist 'when further treatment is explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during th[e] last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past'" (Gomez v Katz, 61 AD3d at 112, quoting Richardson v Orentreich, 64 NY2d 896, 898-899). "The law recognizes, however that a discharge by a physician does not preclude application of the continuous treatment toll if the patient timely initiates a return visit to complain about and seek further treatment for conditions related to the earlier treatment" (Gomez v Katz, 61 AD3d at 113).
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Mello v Long Isl. Vitreo-Retinal Consultant, P.C., 172 AD3d at 850). Here, Irlin established, prima facie, that the action was commenced more than two years and six months after the alleged acts of medical malpractice and lack of informed consent occurred (see CPLR 214-a; Gray v Wykoff Hgts. Med. Ctr., 155 AD3d 616, 617). Consequently, the burden shifted to the plaintiff to present evidence raising a question of fact as to whether the continuous treatment doctrine served herein to toll the limitations period (see Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973).
Contrary to the Supreme Court's determination, in opposition to the motion, the plaintiff raised a question of fact as to whether her subsequent visits to Irlin for treatment on her upper jaw constituted a continuation of the course of treatment for the same condition that allegedly arose as a result of malpractice committed at the outset of the patient-dentist relationship. Specifically, the plaintiff submitted an affirmation of her current treating dentist, who opined that the plaintiff initially sought treatment from Irlin in order to obtain a permanent prosthetic replacement for the missing teeth in her upper jaw. The plaintiff's dentist further opined that the numerous surgeries that the plaintiff underwent on her upper jaw to repair and replace implants and prostheses were related to Irlin's initial alleged malpractice in failing to diagnose the bone condition that caused the implants and prostheses to become loose and need replacement. The record otherwise presents questions of fact as to whether the plaintiff timely initiated return visits to complain and seek corrective treatment from Irlin such that his purported discharge of the plaintiff did not sever the course of treatment at any point between 2008 and the plaintiff's final visit on December 24, 2012 (see Edmonds v Getchonis, 150 AD2d 879, 879-881). Accordingly, the Supreme [*3]Court improperly granted that branch of the individual defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the medical malpractice and lack of informed consent causes of action insofar as asserted against Irlin.
The Supreme Court nevertheless properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing Irlin's affirmative defense based on the statute of limitations. The parties' submissions raised triable issues of fact as to whether Irlin's treatment of the plaintiff after the initial procedure in 2008 and after the installation of a less-permanent replacement prosthetic between 2011 and 2012 constituted a "mere continuation of [the] general [dentist]-patient relationship" insufficient to toll the statute of limitations (Gomez v Katz, 61 AD3d at 112; see Kletnieks v Hertz, 54 AD3d 660, 661).
With respect to the breach of contract cause of action, where a "'party rendering services can be shown to have expressly bound itself to the accomplishment of a particular result, the courts will enforce that promise'" (Derby v Bitan, 89 AD3d 889, 890, quoting Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482, 487). "As relevant here, 'a [dentist] and his [or her] patient are at liberty to contract for a particular result and, if that result be not attained, a cause of action for breach of contract results which is entirely separate from one for malpractice although both may arise from the same transaction'" (Derby v Bitan, 89 AD3d at 890-891, quoting Robins v Finestone, 308 NY 543, 546; see Clarke v Mikail, 238 AD2d 538, 538).
"'On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Murphy v Department of Educ. of City of N.Y., 155 AD3d 637, 638, quoting Phillips v Taco Bell Corp., 152 AD3d 806, 807). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Edelman v Berman, 195 AD3d 995, 996, quoting Bodden v Kean, 86 AD3d 524, 526).
Here, the individual defendants' own submissions, which included the transcript of the plaintiff's deposition testimony and numerous signed consent forms written in English, demonstrated that the plaintiff has a cause of action to recover damages for breach of contract against Irlin. The plaintiff testified at her deposition that she agreed to the installation of dental implants and a permanent prosthetic device in her upper jaw because Irlin verbally promised her that it would "last a lifetime," that she would "treat [the prosthesis] as if" it was her "own teeth," and that she would only need follow-up appointments for cleanings once every 6 to 12 months, among other things. The individual defendants' evidence could support the conclusion that the treatment Irlin rendered did not achieve these allegedly promised results. In addition, while it is true that the plaintiff signed forms purporting to disclaim any warranties of this kind, the plaintiff testified that she speaks "[v]ery little" English and therefore could not understand the content of those forms. She also testified that she signed them without the benefit of a translation because she was instructed to do so. The individual defendants thus failed to establish that no significant factual dispute exists with respect to the breach of contract cause of action insofar as asserted against Irlin (see Derby v Bitan, 89 AD3d at 890-891). Accordingly, the Supreme Court improperly granted that branch of the individual defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the breach of contract cause of action insofar as asserted against Irlin.
In light of our determination, we need not address the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court